**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MIGUEL A. SUAREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CIVIL NO. 3:15-cv-00637-NJR |
| RICHARD HARRINGTON, ) | |
| TIMOTHY R. VEATH, and ) | |
| DAVID T. JOHNSON, ) | |
| ) | |
| Defendants. ) | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

Plaintiff Miguel Suarez is currently incarcerated at the Menard Correctional Center ("Menard"), but was previously incarcerated at the Hill Correctional Center ("Hill"). (Doc. 13 at 1, 3.) Proceeding *pro se*, Suarez has instituted an action pursuant to 42 U.S.C. § 1983 against Menard corrections officers, alleging that prison officials violated his constitutional rights by failing to provide him with a disciplinary ticket in accordance with the timing requirements imposed by the Illinois Administrative Code (occasionally referred to simply as the "Code" herein) and by "falsely imprisoning" him in segregation on a ticket that was ultimately expunged due to procedural problems. (*Id.* at 2-5.) Suarez seeks money damages. (*Id.* at 6.)

On July 8, 2015, the Court dismissed Suarez's complaint (Doc. 1) without prejudice, holding that Suarez failed to adequately state a claim under either the Fourteenth or Eighth Amendments. (Doc. 6 at 2-6.) Suarez was granted leave to amend his complaint, if he so wished. (*Id.* at 6.) On October 13, 2015, Suarez timely filed an amended complaint. (*See* Doc. 13.)

This matter is now before the Court for a preliminary review of Suarez's amended complaint, pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint

in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

## Background

Suarez's amended complaint states the following facts. Suarez was involved in an altercation with a prisoner at Hill on June 13, 2013. (*Id.* at 3.) He was transferred to Menard shortly after the fight, and he was then issued a disciplinary ticket for being involved in a "disturbance," assault, and impeding an investigation—all charges related to the altercation at Hill. (Doc. 13-1 at 6-7.) The complaint alleges that Defendant Warren Harrington did not appoint a hearing officer to review the disciplinary report, as he was allegedly required to do pursuant to the Illinois Administrative Code. (Doc. 13 at 4.)

On July 4, 2013, prison officials held a hearing related to the ticket. (*Id.* at 3.) At the hearing, Suarez offered evidence in the form of a copy of the provision of the Illinois Administrative Code that was violated when he was given the untimely disciplinary ticket, as well as a written statement explaining that the disciplinary ticket was written eighteen days after the incident and thus violated the Code. (*Id.*) The adjustment committee (through Defendants Veath and Johnson) found Suarez guilty. (*Id.* at 3-4.) As punishment, the committee ordered one year of "C Grade," one year of commissary restriction, and one year of segregation. (*Id.* at 4.) The committee issued Suarez a written summary of its decision. (*Id.* at 4; *see* Doc. 13-1 at 9-10.)

On July 1, 2013, the same date that Suarez was served with the disciplinary ticket, he filed a grievance with the Administrative Review Board ("ARB"), insisting that the ticket was

given to him outside of the time period dictated by the Illinois Administrative Code and that it therefore must be expunged. (Doc. 13 at 3; Doc. 13-1 at 1-2.) The grievance was received by the ARB on July 22, 2013, and a little under one year later the ARB recommended that the disciplinary report be expunged and that Suarez's sanctions be "restored pending any subsequent discipline." (Doc. 13-1 at 4.) Suarez was released from segregation on July 23, 2014, and the ticket was expunged on August 19, 2014. (Doc. 13 at 4.)

## Discussion

Similar to the initial complaint, Suarez's amended complaint primarily focuses on alleged due process violations related to the July 2013 adjustment committee ruling, so the Court will start there (**Count 1**). In the Order dismissing Suarez's complaint, the Court held that the length of Suarez's confinement—358 days—is the sort of punishment that may possibly trigger Fourteenth Amendment due process requirements. (Doc. 6 at 3.) Suarez's complaint, however, failed to show that he received less than the process that was due to him because it only pointed to the violation of the Code provision that compels prison officials to serve a ticket to an offender no more than eight days after the commission of the underlying offense. *See* ILL. ADMIN. CODE tit. 20 § 504.30(f). It did not allege, for example, that the delay in receiving the ticket was so egregious that it interfered with his ability and right to prepare his defense. *See United States ex rel. Houston v. Warden, Stateville Corr. Ctr.*, 635 F.2d 656, 659 (7th Cir. 1980) (finding no due process violation for two-month delay in providing ticket).

Suarez has bolstered his amended complaint with additional facts regarding the alleged due process violations. But the additional information he provides hurts rather than helps his due process claim. "In the prison disciplinary context, due process requires only that the prisoner receive advance written notice of the charges, an opportunity to present testimony and

documentary evidence to an impartial decision-maker, and a written explanation for the discipline that is supported by some evidence in the record." *Piggle v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003). Suarez does not allege that Harrington's alleged failure to appoint a hearing officer to investigate the disciplinary ticket resulted in less than due process. In fact, the amended complaint admits that Suarez received advance written notice of the charges (the disciplinary ticket), an opportunity to present evidence to the adjustment committee (which he has not claimed was an interested party), and a written summary of the committee's decision.

Although Suarez charges that the committee's written explanation was improper because it did not mention the evidence offered by Suarez in his defense, the Fourteenth Amendment only requires that the disciplinary tribunal's findings must be supported by *some* evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). As held by the Supreme Court:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could be supported by the conclusion reached by the disciplinary board.

*Hill,* 459 U.S. at 455-56. Suarez has not claimed that the committee's decision was not based on evidence in the record. Therefore, as he has not alleged that he received less process than is constitutionally required, **Count 1** is dismissed without prejudice.

Suarez's Eighth Amendment claim (**Count 2**), however, *does* survive preliminary review. The Court dismissed the initial complaint's Eighth Amendment claim because it did not allege that the Defendants acted with deliberate indifference towards the allegedly unconstitutional circumstances. (Doc. 6 at 4.) The Eighth Amendment's deliberate indifference state of mind requirement mandates that prisoners allege that officials were criminally reckless—that they

knew about the risk of harm but ignored it. *Christopher v. Buss*, 3844 F.3d 879, 882 (7th Cir. 2004). Here, Suarez alleges that he informed Defendants Veath and Johnson of the ticket problem during the hearing and that the Defendants ignored the problem, instead choosing to sentence Suarez to a year in segregation. This is enough to survive preliminary review.

**Count 2** does not survive as against Defendant Harrington, however. "[T]o recover damages against a prison official acting in a supervisory role, a § 1983 plaintiff may not rely on a theory of respondeat superior and must instead allege that the defendant, through his or her own conduct, has violated the Constitution." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). Suarez does not allege that he informed Harrington of the ticket problem, and thus has not shown that he acted with deliberate indifference. Therefore, Defendant Harrington is dismissed from this action without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on **COUNT 2** against Defendants **VEATH** and **JOHNSON**. Defendant **HARRINGTON** is **DISMISSED** without prejudice from **COUNT 2**.

**COUNT 1** is **DISMISSED** without prejudice. Defendants **VEATH**, **JOHNSON**, and **HARRINGTON** are **DISMISSED** from **COUNT 1** without prejudice.

As for **COUNT 2**, the Clerk of Court shall prepare for Defendants **VEATH** and **JOHNSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the

Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter, including Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 9), shall be **REFERRED** to Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A). Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

**IT IS FURTHER ORDERED** that Plaintiff's motion for extension of time to file a motion to proceed *in forma pauperis* (Doc. 7) is **DENIED as moot**.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 14, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**