IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIGUEL A. SUAREZ, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>LT. TIMOTHY R. VEATH and C/O DAVID )<br>T. JOHNSON, )<br>)<br>    Defendants. ) | Case No. 3:15-cv-637-NJR-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 25). For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

BACKGROUND

Plaintiff Miguel A. Suarez, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated by officials at Menard Correctional Center ("Menard"). Plaintiff initiated this action on June 8, 2015 alleging that correctional officers at Menard violated his constitutional rights by not giving him a disciplinary ticket in a timely manner after an alleged offense occurred and "falsely imprisoning" him in segregation on a ticket that was ultimately expunged due to procedural deficiencies (*See* Doc. 1). After conducting a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, District Judge Nancy J. Rosenstengel found that although Plaintiff alleged due process violations in relation to his July, 2013 adjustment committee hearing, Plaintiff failed to allege a violation of any due process protections afforded by the Fourteenth Amendment to the

United States Constitution (Doc. 6, p. 3). Accordingly, Judge Rosenstengel dismissed Plaintiff's complaint without prejudice and gave him leave to file an amended complaint (*Id.* at p. 6). Plaintiff filed his Amended Complaint on October 13, 2015 (Doc. 13) and it was again screened by Judge Rosenstengel (Doc. 16).

In her screening of Plaintiff's Amended Complaint, Judge Rosenstengel again determined that Plaintiff failed to state a due process claim despite Plaintiff including additional facts regarding the alleged due process violations. Specifically, Judge Rosenstengel noted that Plaintiff's amended complaint failed to show that he received less than the process that was due to him as Plaintiff only pointed to an alleged violation of the provision of the Illinois Administrative Code that compels prison officials to serve a ticket to an offender no more than eight days after the commission of the underlying offense. Judge Rosenstengel noted, in particular, that Plaintiff did not allege that the delay in receiving the ticket was so egregious that it interfered with his ability and right to prepare his defense. In any event, the Court again dismissed Plaintiff's due process claim, but allowed Plaintiff to proceed on an Eighth Amendment deliberate indifference claim against Defendants Veath and Johnson for ignoring Plaintiff's complaints about his disciplinary ticket and sentencing Plaintiff to a year in segregation.

Following the screening of Plaintiff's Amended Complaint, Plaintiff filed the Motion for Leave to File Second Amended Complaint now before the Court (Doc. 25). In this motion, Plaintiff asserts he feels that his complaint could be "embellished" and argues that leave should be granted as his request is not unduly delayed and will not prejudice Defendants. A reading of Plaintiff's proposed second amended complaint demonstrates that Plaintiff is again attempting to assert a due process claim and bring Warden Richard Harrington back into this case as a defendant. Plaintiff has also included additional allegations to assert a conditions of confinement claim.

Defendants timely objected to Plaintiff's motion arguing that Plaintiff's proposed second amended complaint does not raise viable claims that may properly be joined in this action (Doc. 27).

A review of Plaintiff's proposed second amended complaint demonstrates that Plaintiff has again failed to allege sufficient facts to proceed on a due process claim against any of the named defendants or any other individual (including Warden Harrington). Importantly, Plaintiff's "embellishments" with regard to his due process allegations focus on the deficiencies pointed out by Judge Rosenstengel in her screening order, but provide little in the way of particularities; rather, Plaintiff tends to make conclusory statements in an attempt to state a claim. In particular, with regard to the delay in receiving his disciplinary ticket, Plaintiff now alleges that he "was in no way, shape or form prepared to offer a defense. The delay in the ticket being issued to plaintiff was done intentionally and maliciously so that he would not be able to prepare an adequate defense the delay was so egregious that it interfered with plaintiff's ability to decide what questions he wanted the adjustment committee to ask alleged witnesses and participants." As Defendants point out, Plaintiff's allegations related to the delay merely parrot the Court's statement of law in its screening order as fact. Moreover, Plaintiff has not provided any indication as to whom acted "intentionally and maliciously" to delay the issuance of his ticket and has not provided any support for this allegation.

With regard to Warden Harrington, Plaintiff alleges that Harrington intentionally and maliciously failed to appoint a hearing investigator to investigate the disciplinary ticket, which resulted in Plaintiff receiving "less than due process." Plaintiff also complains that Harrington reviewed the findings and recommendations of the hearing officers and signed off on their decision and, as such, Plaintiff contends that he was implicated in the violating Plaintiff's due process rights. Again, Plaintiff's allegations against Harrington fail to rise to a constitutional

violation. As explained in Judge Rosenstengel's screening order, "[i]n the disciplinary context, due process requires only that the prisoner receive advance written notice of the charges, an opportunity to present testimony and documentary evidence to an impartial decision-maker, and a written explanation for the discipline that is supported by some evidence in the record." *Piggle v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003). Plaintiff's new allegations against Harrington do not allege a violation of these requirements. As such, the Court again finds that Plaintiff has failed to state a due process claim against either Defendant Veath or Johnson, or Warden Harrington.

Plaintiff's proposed second amended complaint also contains a number of allegations regarding a conditions of confinement claim. More specifically, Plaintiff contends that upon his arrival at Menard he was housed in an unsanitary segregation cell and was not given hygiene products for approximately three weeks. Plaintiff also alleges that he was not given cleaning supplies in his segregation cell and was made to wear the same shirt, boxers, and socks for at least seventeen days without being able to wash them. Plaintiff asserts that he verbally complained to Warden Harrington about the aforementioned conditions when Harrington made his rounds through segregation. These allegations adequately state a conditions of confinement claim against Warden Harrington under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Further, the Court finds that said claim is not wholly unrelated to the claim against Veath and Johnson as the conditions of confinement Plaintiff complains of are necessarily related to his deliberate indifference claim as Plaintiff contends he would not have had to undergo said conditions of confinement but for Defendant Veath and Johnson's failure to address the issues with Plaintiff's disciplinary ticket at the hearing (which is the basis of Plaintiff's Eighth Amendment claim).

Accordingly, Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 25) is

**GRANTED IN PART** as to the addition of a conditions of confinement claim against Warden Harrington, and **DENIED IN PART** as to the addition of a due process claim.

The Clerk of Court is **DIRECTED** to electronically file Plaintiff's proposed second amended complaint as the Second Amended Complaint. For clarification, the Court reiterates that the Second Amended Complaint does not state any additional claim against Defendants Veath or Johnson. Accordingly, Plaintiff's claim against these Defendants remains unchanged and the Motion to Dismiss filed by these Defendants remains pending. Defendants Veath and Johnson may, but are not required, to file a responsive pleading to Plaintiff's Second Amended Complaint.

The Clerk of Court shall prepare for Defendant Richard Harrington: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint, and this Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate of service stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

In light of this Order, Plaintiff is now proceeding in this action on the following counts:

Count 1: Deliberate indifference claim against Defendants Veath and Johnson for ignoring the problems with Plaintiff's disciplinary ticket at the hearing and sentencing Plaintiff to a year in segregation.

Count 2: Conditions of confinement claim against Defendant Harrington for failing to provide Plaintiff with hygiene products and cleaning supplies.

**IT IS SO ORDERED.**

**DATED: July 14, 2016**

*Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**