IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

MIGUEL A. SUAREZ, #M-22336,           )
                                       )
    Plaintiff,                         )
                                       )
-vs-                                   )   No.   15-637
                                       )
HARRINGTON, et. al.,                   )
                                       )
    Defendants.                        )

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF EXHAUSTION**

### I.    FACTS

At merit review, plaintiff was allowed to proceed on a theory that defendants Veath and Johnson violated plaintiff's rights under the Eighth Amendment by sentencing plaintiff to segregation on a disciplinary ticket that was not processed within the time limits set out in Department of Corrections' rules. On defendants' motion, that claim was dismissed, although plaintiff's motion for reconsideration is currently pending.

Plaintiff had been allowed to file a second amended complaint in which he had added a claim that former warden Richard Harrington was deliberately indifferent to conditions of confinement in the segregation unit of the Menard Correctional Center. Specifically, plaintiff alleges that, when he arrived at the Menard Correctional Center on June 13, 2013, he was placed into a cell where the mattress was wet and seemed to be soaked with urine, vermin were present in the cell, and plaintiff was not given hygiene products for about three weeks. Doc. 32 ¶12. Plaintiff asserts that he was not given

1

the cleaning supplies necessary to maintain proper hygiene. Doc. 32 ¶27. Plaintiff contends that he complained about these conditions to defendant Harrington. Doc. 32 ¶16.

In plaintiff's second amended complaint, plaintiff alleges that he filed a grievance directly with the Administrative Review Board, which voided plaintiff's discipline. Doc. 32 ¶18. The grievance is not attached to plaintiff's second amended complaint, but was attached to the first amended complaint (Doc. 13) as an exhibit. Doc. 13-1. Plaintiff also identifies that grievance as the only one filed to exhaust his administrative remedies. Doc. 13, page 2 of 6. On page 2 of his original complaint (Doc. 1) plaintiff also claimed that this same grievance (Doc. 1-1) constituted exhaustion of his administrative remedies.[1] The grievance plaintiff submitted relates only to the timeliness of the discipline. Doc. 13-1. There is no mention of the allegedly unconstitutional conditions of confinement.

Dave White has confirmed that plaintiff did not appeal any other issue raised in this case to the Administrative Review Board. Exhibit 1. He attested that no issues regarding conditions in the segregation unit were presented to the Administrative Review Board from June 13, 2013 to the present. *Id.* Attached to his affidavit is a copy of the Administrative Review Board Records from the relevant period which establish that the only issue raised in this case that plaintiff raised with the Administrative Review Board related to the timeliness of discipline. Exhibit C. Additionally, Counselors Monica Nippe,

---

[1] Although plaintiff did not sign the original complaint he cured that defect. Doc. 4.

Melissa Phoenix, and Mark Phoenix have attested to the fact that plaintiff did not attempt to informally resolve grievances during the period in which he was in segregation at the Menard Correctional Center. Exhibits 2, 3, 4. Each of these witnesses attested to the information that, had plaintiff spoken to them about the conditions in his cell, they would have noted that fact in the Cumulative Counseling Summary. *Id.* There is no mention of such a conversation, except as it relates to plaintiff's desire for a fan. Exhibit B (attachment to Exhibit 3). These three counselors were the only counselors who had face-to-face contact with plaintiff during the relevant period. *Id.*

## II.  ARGUMENT

The Prison Litigation Reform Act provides, "No action shall be brought with respect to prison conditions, under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility, until such administrat6ive remedies as are available are exhausted. 421 U.S.C. §1997e(a). Compliance with the exhaustion requirement is a mandatory prerequisite to suit and cannot be excused. *Ross v. Blake*, __U.S.__, 136 S.Ct. 1850 (2016). All suits about prison life are brought "with respect to prison conditions" and are subject to the exhaustion requirement. *Porter v. Nussle*, 534 U.S. 5/6, 532 (2002); *Thorton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005).

Before filing suit, an inmate must file a timely grievance utilizing the procedures and rules of the state's prison grievance process. *Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011). Strict compliance is required. *Id.* at 721.

The Illinois Administrative Code requires that a grievance contain details regarding each aspect of the offender's complaint, including what happened, when, where, and the

3

name of each person who is the subject of or otherwise involved in the complaint. *Id.*, citing 20 Ill. Admin. Code §810(b).[2] In order to exhaust his administrative remedies, plaintiff was required to appeal his grievance to the Administrative Review Board. 20 Ill. Admin. Code §504.850. Insofar as plaintiff complains about the conditions in his segregation cell, the grievance plaintiff submitted (Doc. 1-1 and 13-1) does not comply with these requirements. Furthermore, insofar as plaintiff is complaining about the conditions in his cell at the Menard Correctional Center, the grievance was not properly submitted to the grievance officer. As plaintiff notes, this grievance was submitted directly to the Administrative Review Board. Under the process set out in 20 Ill. Admin. Code §504.870, an inmate should bypass the normal grievance process and file directly with the Administrative Review Board when the grievance relates to disciplinary proceedings which were held at a facility other than the one at which an inmate is currently assigned. Thus, plaintiff's submission was a correct way of challenging his discipline, but would have been an incorrect manner of grieving the conditions in his cell.

Plaintiff not only failed to include his claims regarding cell conditions in the grievance he submitted, he failed to compete the first step of the grievance process, which required that he attempt to resolve his complaints informally with his counselor before submitting his written grievance. 20 Ill. Admin. Code §504.810(a). Plaintiff is complaining about the conditions of confinement that existed in the segregation unit in the Menard

---

[2] While the grievance procedures in the Illinois Administrative Code were amended in April 2017, this case cites the provisions applicable to plaintiff's claim. The applicable provisions of the Illinois Administrative Code are attached as Exhibit 5.

4

Correctional Center when he arrived on June 13, 2013. Doc. 32 ¶12. The Department rules required that a grievance be filed within 60 days after "discovery of incident, occurrence, or problem that gives rise to the grievance." All of the counselors who had face-to-face contacts with plaintiff during the first five months of his confinement in the segregation unit have attested to the fact that they would have recorded any complaints about cell conditions in the Cumulative Counseling Summary. Exhibits 1, 2, 3. The Cumulative Counseling Summary reflects that during the entire period in which plaintiff was in segregation (from June 13, 2013 to July 23, 2014) the only issue regarding the conditions in plaintiff's cell which was addressed with counselors concerned plaintiff's desire for a fan. Exhibit B. Plaintiff has not raised a claim in this case regarding a fan.

Because plaintiff did not raise the issue regarding cell conditions in the manner specified by the grievance rules, plaintiff has not exhausted his administrative remedies. Plaintiff's remaining claim in this case is barred by the Prison Litigation Reform Act.

### III.  CONCLUSION

Plaintiff has not exhausted his administrative remedies as required by the Prison Litigation Reform Act.   The complaint should, therefore, be dismissed.

RICHARD HARRINGTON,

Defendant,

| | |
|---|---|
| TERENCE J. CORRIGAN,<br>Assistant Attorney General<br>500 South Second Street<br>Springfield, IL 62706<br>Telephone:  217/782-9767<br>Facsimile:  217/524-5091<br>E-mail:  tcorrigan@atg.state.il.us | LISA MADIGAN, Attorney General,<br>State of Illinois,<br>    Attorney for Defendant,<br><br>BY:/s/Terence J. Corrigan<br>    Terence J. Corrigan, #6191237<br>    Assistant Attorney General |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| MIGUEL A. SUAREZ, #M-22336, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No.   15-637 |
| ) | |
| HARRINGTON, et. al., ) | |
| ) | |
| Defendants. ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2017, I presented the foregoing *Memorandum of Law in Support of Motion for Summary Judgment on the Issue of Exhaustion* to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on May 17, 2017, I have mailed by United States Postal Service, the document to the following non-registered participant:

Miguel A. Suarez, M-22336
Pinckneyville Correctional Center
5835 State Route 154
P.O. Box 999
Pinckneyville, IL 62274

 /s/Terence J. Corrigan
Terence J. Corrigan
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Telephone: 217/782-5819
Facsimile: 217/524-5091
E-mail: tcorrigan@atg.state.il.us

6