M22336  SUAREZ, MIGUEL                    **IGRV Inmate History**

| Igrv Code | Hearing/Rec Date | Igrv Loc | Hearing Loc | Chair Code | Mail Code | Comments Field |
|-----------|------------------|----------|-------------|------------|-----------|----------------|
| DR | 02/02/2016 | MEN | MEN | LEMC | G | GRV #40-6-15: GRVS IDR #201500720/1 - MEN |
| DR | 07/21/2015 | MEN | MEN | LEMC | G | RGF: GRVS IDR OF 5/14/15.  ARB NEEDS FACILITY RESPONSES RETURNED W/IN DR |
| PP | 05/27/2015 | MEN | MEN | LEMC | G | RGF: GRV #3-2-15: GRVS REIMBURSEMENT OF CLOTHING DESTROYED BECAUSE ( |
| TR | 12/15/2014 | HIL | MEN | BIGR | G | ALLEGES DR EXPUNGED:  REQUEST TR TO MED SECURITY. ADMIN DECISION |
| DR | 06/18/2014 | HIL | MEN | BIGR | G | GRIEVES DR (5/1/13) INC. # 201301197. IDR IS TO BE EXPUNGED SUAREZ WAS SER\ |

Exhibit C



Bruce Rauner
Governor

John Baldwin
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender Name: _SuARTz, Miguel_           Date: _2/2/16_

Register # _M22336_

Facility: _Pinckneyville C C_

This is in response to your grievance received on _8/14/15_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: _1/12/15_ Grievance Number: _40-6-15_ Griev Loc: _Menard_

○ Transfer denied by the Facility or Transfer Coordinator

○ Dietary _____

○ Personal Property _____

○ Mailroom/Publications _____

○ Assignment (job, cell) _____

○ Commissary _____

○ Trust Fund _____

○ Conditions (cell conditions, cleaning supplies)

⊗ Disciplinary Report dated _5/14/15_
  Incident # _201500020 - MEN_

○ Other _____.

**Based on a review of all available information, this office has determined your grievance to be:**

○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.

○ Denied, in accordance with DR504F, this is an administrative decision.

⊘ Denied, this office finds the issue was appropriately addressed by the facility Administration.

○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)

○ Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.

○ Denied as the facility is following the procedures outlined in DR525.

○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.

○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

⊘ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

Other: _____

FOR THE BOARD: _/s/ Leslie McCarty_           CONCURRED: _/s/ John R. Baldwin_
                        Leslie McCarty                                    John R. Baldwin
                        Administrative Review Board                       Acting Director
                                                                         3/4/16

CC: Warden, _Pinckneyville_ Correctional Center
        _SuARTz, Miguel_ ,Register No. _M2233 6_

Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.

www.illinois.gov/idoc

RESPONSE TO OFFENDER'S GRIEVANCE

| Grievance Officer's Report |
|---|

**Date Received:** June 16, 2015 **Date of Review:** August 4, 2015 **Grievance #** (optional): 40-6-15

**ID#:** M22336

**Offender:** Suarez, Miguel

**Nature of Grievance:** Disciplinary Report dated 5-14-15 issued by Investigations Officer M Hof for 102-Assaulting Any Person (Inmate) (201500720/1-MEN)

**Facts Reviewed:** All information submitted to the Grievance Officer by the offender or institutional staff pertaining to this issue(s) being grieved has been thoroughly reviewed. Offender submitted two (2) grievances dated 6-12-15 & 7-16-15 regarding this disciplinary report, both are combined in this response. Offender grieves he tried to call a witness/the victim at his hearing and was denied. The witness/victim has since provided an affidavit stating grievant is not guilty.

Relief requested: Expunge disciplinary report, released from Segregation and returned to MSU or transferred.

Grievance Office reviewed DR504, the disciplinary report, final summary and contacted Investigations and Intelligence. Records indicate the disciplinary report was issued at the completion of an internal investigation. The investigation revealed grievant was implicated as the perpetrator of an assault against offender Ingersoll. Multiple consistent reliable confidential sources confirmed grievant's part in the assault and that he wore gloves to hide any damage to his hands and later admitted to assaulting Ingersoll for alerting staff to the tattoo work he had been doing. Investigations and Intelligence are confident with the results of their investigation and subsequent disciplinary report.

Per DR 504.80 Prior to the hearing, the offender may request that witnesses be interviewed. The request shall be in writing on the space provided in the disciplinary report and shall include an explanation of what the witnesses would state. The Committee may disapprove witness requests that are not received prior to the hearing. The Adjustment Committee shall consider any statements of witnesses with relevant knowledge of the incident who are "reasonably" available.

Offender may discuss his transfer options according to procedure (contact his assigned Counselor).

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the inmate's grievance be DENIED. The Adjustment Committee relied on sufficient evidence offender is guilty of the infraction. Offender is appropriately housed in disciplinary segregation.

/s/ Lori Oakley

Lori Oakley
Print Grievance Officer's Name     Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

**Date Received:** August 6, 2015 ☒ I concur ☐ I do not concur ☐ Remand

**Comments:**

RECEIVED

AUG 14 2015

ADMINISTRATIVE
REVIEW BOARD

/s/ Kim Butler
Chief Administrative Officer's Signature                    08/06/15
                                                             Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

/s/ Miguel A. Suarez                    M22336          8-10-15
Offender's Signature                      ID#             Date

Distribution:   Master File; Offender                Page 1                DOC 0047 (Rev. 3/2005)
                                    Printed on Recycled Paper

# STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** SUAREZ, MIGUEL      **IDOC Number:** M22336      **Race:** HSP

**Hearing Date/Time:** 5/19/2015  08:55 AM      **Living Unit:** MEN-N2-06-37      **Orientation Status:** N/A

**Incident Number:** 201500720/1 - MEN      **Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 5/14/2015 | 201500720/1-MEN | HOF, MICHAEL P | MENARD CORRECTIONAL CENTER | 09:15 AM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 102 | Assaulting Any Person - Inmate<br>Comments:inmate assault | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|--------------|------------|--------------|----------------|

**No Witness Requested**

## RECORD OF PROCEEDINGS
Inmate pled not guilty stated someone dropped a kite saying I was doing tattoos.

## BASIS FOR DECISION
Based on report an investigation that initiated on April 17th, was completed. Offender Suarez was implicated as the perpetrator of an unwitnessed assault against offender ▮▮▮▮ with in ▮▮▮▮ cell. Multiple confidential sources names being withheld for safety and security of the instituion stated that both ▮▮▮▮ and Suarez had been competitors for the tattoo market with offenders at MSU. One confidential source claimed that offender Suarez believed offender ▮▮▮▮ tried to incriminate Suarez for his tattoo work by notifying staff of Suarez activates in an attempt to eliminate completion. The source also claimed that after the assault occurred Suarez admitted to assaulting ▮▮▮▮ for alerting staff to the tattoo work he had been doing. The source claimed that Suarez wore his gloves in an attempt to conceal any damage to his hands. Suarez was later observed with redness and swelling to both of this hands. The consistency of the multiple statement and damage to Suarez's hands substantiate the Charge of 102 assaulting any person. Inmate ID by OTS sheet and state ID card.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

**RECEIVED**

| RECOMMENDED | FINAL  AUG 14 2015 |
|-------------|-------|
| 6 Months C Grade | 6 Months C Grade |
| 6 Months Segregation | 6 Months Segregation  **ADMINISTRATIVE** |
| 6 Months Commissary Restriction | 6 Months Commissary Restriction **REVIEW BOARD** |
| Basis for Disciplinenature of offense | |

## Signatures
### Hearing Committee

| | | Signature | Date | Race |
|---|---|---|---|---|
| EVELSIZER, DAVID L  - Chair Person | | | 05/19/15 | WHI |
| JACKSON, TERRANCE T | | Signature | 05/19/15 | BLK |
| | | Signature | Date | Race |

Recommended Action Approved

**Final Comments:** N/A

## Offender Disciplinary Report

Menard Correctional Center
Facility

Date: 05/14/2015

Type of Report:
☒ Disciplinary   ☐ Investigative

Offender Name: Suarez, Miguel          ID #: M22336

Observation Date: 05/14/2015   Approximate Time: 09:15   ☒ a.m. ☐ p.m.   Location: Intelligence Unit

Offense(s): DR 504:   102 – Assaulting Any Person

Observation: (NOTE: Each offense identified above must be substantiated.) On the above date and approximate time, an investigation that initiated on April 17th was completed. Offender SUAREZ M22336 was implicated as the perpetrator of an unwitnessed assault against offender ▓▓▓▓ within ▓▓▓▓ cell (MSU C-78). Multiple confidential sources (names being withheld for safety and security of the institution) stated that both ▓▓▓▓ and SUAREZ had been competitors for the tattoo market with offenders at MSU. One confidential source claimed that offender SUAREZ believed offender ▓▓▓▓ tried to incriminate SUAREZ for his tattoo work by notifying staff of SUAREZ's activities in an attempt to eliminate competition. The source also claimed that after the assault occurred, SUAREZ admitted to assaulting ▓▓▓▓ for alerting staff to the tattoo work he had been doing. The source claimed that SUAREZ wore his gloves in an attempt to conceal any damage to his hands. SUAREZ was later observed with redness and swelling to both of his hands. The consistency of the multiple statements and damage to SUAREZ's hands substantiate the charge of 102 – Assaulting Any Person.

Witness(es): _____

☐ Check if Offender Disciplinary Continuation Page, DOC 0316, is attached to describe additional facts, observations or witnesses.

| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |
|---|---|---|---|---|
| M. Hof | 9467 | /s/ M. Hof | 5/14/15 | 9:15 ☒ a.m. ☐ p.m. |

### Disciplinary Action:

Shift Review: ☒ Temporary Confinement   ☐ Investigative Status   Reasons: nature of offense

Printed Name and Badge #   Rees  791
/s/ Major Rees
Shift Supervisor's Signature   5-14-15   Date
(For Transition Centers, Chief Administrative Officer)

Reviewing Officer's Decision: ☒ Confinement reviewed by Reviewing Officer   Comment: I concur

☒ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ Minor Infraction, submitted to Program Unit

Print Reviewing Officer's Name and Badge #   Major Page
/s/ Major Page
Reviewing Officer's Signature   5-14-15   Date

☒ Hearing Investigator's Review Required (Adult Correctional Facility/Major Reports Only):
/s/ Hearing Investigator's Signature
Print Hearing Investigator's Name and Badge #   Hearing Investigator's Signature   5/14/15   Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**
You may ask that witnesses be interviewed and, if necessary, and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign

Offender's Signature _____   ID# _____
/s/ C/O Wohrenberg

Serving Employee (Print Name)  C/O Wohrenberg   Badge #   Signature
Date Served 5/14/15   Time Served 8:45 ☐ a.m.

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.
/s/ Miguel Suarez

Offender's Signature _____   ID# _____

RECEIVED

AUG 14 2015

ADMINISTRATIVE
REVIEW BOARD

(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)

Date of Disciplinary Report   Print offender's name   ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

Print Name of witness   Witness badge or ID#   Assigned Cell (if applicable)   Title (if applicable)

Witness can testify to: _____

Print Name of witness   Witness badge or ID#   Assigned Cell (if applicable)   Title (if applicable)

Witness can testify to: _____

Page ___ of ___
Printed on Recycled Paper

Distribution: Master File
Offender
Facility (2)

DOC 0317 (Rev. 2/2007)

I, Jacob Ingersoll R-60318 Declare under Penalty of PerJury Persuant to 735 ILCS 5/1-109 That the following Statement's are true and correct to the best of my beleif.

ON 4-17-15 I was Assaulted by 2 Masked Individuals at MSU they had Neck band's over there Face and hat's on there head's also they were wearing thermals. Since the situation I have had time to think about what happend and one of the thermal sleeve's had gotten Pulled up to about the elbow and there was no tattoo's on the Forarm. When I went to hear My ticket the accused Person Implicated Miouel A. Suarez M-2i Was like six People in Front of M. and I noticed that he was Heavliy tattooed on his forarm's and that doesnotfit the forarm of the Person's who did the assault. So because of

RECEIVED

AUG 14 2015   RECEIVED
ADMINISTRATIVE JUN 16 2015
REVIEW BOARD

these Fact's I do not beleive that
MiGuel A. Suarez M-22336 was involved in
the assualt.

I Jacob Ingersoll R-60318
Declare that under Penalty of PerJury
Pursuant to 735 ILCS 5/1-109 that
the before Mentioned statement is true
and correct to the best of My own
Personal Knowledge and belief.

/s/ Jacob Ingersoll                          R-60318
                                             6-2-15

RECEIVED
JUN 1 6 2015

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 6-12-15 | Offender: MIGUEL SUAREZ (Please Print) | | ID#: M22336 |
|---|---|---|---|
| **Present Facility:** MENARD C.C. | | **Facility where grievance issue occurred:** MENARD C.C. - MSU | |

**NATURE OF GRIEVANCE:**

40-6-15

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☒ ADA Disability Accommodation
☐ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ HIPAA
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☐ Other (specify): _____

☒ Disciplinary Report: 5 / 14 / 2015    MENARD C.C.
           Date of Report               Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): ON 4-17-15 WHILE AT MENARD C.C. - MSU I WAS TAKEN TO SEG UNDER INVESTIGATIVE STATUS. MSU DOES NOT HAVE SEG SO I WAS TAKEN TO THE MAXIMUM SECURITY SECTION OF MENARD C.C. ON 5-14-2015 AFTER BEING INVESTIGATED AND QUESTIONED BY INTERNAL AFFAIRS UNIT ABOUT AN INMATE ASSAULT, I WAS CHARGED WITH 102- ASSAULTING ANY PERSON - INMATE ON OFFENDER INGERSOLL #R60318. AFTER PLEADING MY INNOCENCE TO THE ADJUSTMENT COMMITTEE. I WAS FOUNT GUILTY AND GIVEN 6 MONTHS SEGREGATION 6 MONTHS C-GRADE & 6 MONTHS COMMISSARY RESTRICTION. I TRIED TO CALL MR. INGERSOLL R60318 AS A WITNESS TO MY

Relief Requested: TICKET EXPUNGED, ANY ACTIONS RECOMMENDED BY ADJUSTMENT COMMITTE OVERTURNED, BE LET OUT OF SEGREGATION IMMEDIATELY & ALLOWED TO RETURN TO MSU OR TRANSFERRED TO ANOTHER MEDIUM SECURITY PRISION

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

/ /s/ Miguel A. Suarez
_____    M22336    6 / 12 / 15
Offender's Signature          ID#             Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: _____ / _____ / _____    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

**RECEIVED**

**AUG 14 2015**

RECEIVED
JUN 16 2015

**ADMINISTRATIVE**
**REVIEW BOARD**

_____    _____    _____ / _____ / _____
Print Counselor's Name           Counselor's Signature          Date of Response

---

**EMERGENCY REVIEW**

Date Received: _____ / _____ / _____    Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____          _____ / _____ / _____
Chief Administrative Officer's Signature          Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

HEARING BUT BEING UNFAMILIAR TO THIS PROCEDURE I
ENTERED A WITNESS REQUEST UNADEQUATELY AND HAD NO
DEFENSE IN MY HEARING EXCEPT FOR MY WORD THAT I
DID NOT ASSAULT MR. INGERSOLL #R60318 WHICH IS
USELESS TO THE ADJUSTMENT COMMITTEE. SINCE BEING
FOUNT GUILTY ON 5.19.2015. MR. INGERSOLL HAS PROVIDED
ME WITH A SWORN AFFIDAVIT (ATTACHED DOCUMENT) STATING
THAT I DID NOT ASSAULT HIM. PURSUANT TO 735 ILCS
5/1-109, GUILTY VERDICT SHALL BE OVERTURNED AND ANY
ACTIONS RECOMMENDED BE EXPUNGED FROM MY RECORD
AND BE IMMEDIATELY LET OUT OF SEGREGATION AND RETURNED
TO MSU OR TRANSFERRED TO ANOTHER MEDIUM SECURITY
PRISON. THANK YOU FOR YOUR TIME.

X /s/ Miguel A. Suarez          M22336   6·12·15    N2-637

| Fecha: 7·16·15 | Delincuente: (Sírvase imprimir) MIGUEL SUAREZ | | ID#: M22336 |
|---|---|---|---|
| Instalacion actual: MENARD C.C. | | Instalaciones donde reclamo ocurria: MENARD C.C. (MSU) | |

**NATURALEZA DE LA QUEJA:**

40-6-15#2

☐ Bienes personales ☐ Manejo de correo ☐ La restauracion de tiempo bueno ☐ Alojamiento de ADA Disability
☐ Conducta personal ☐ Dieteticos ☐ Tratamiento medico ☐ HIPAA
☐ Denegacion de transferencia por servicio ☐ Denegacion de transferencia por el Coordinador de transferencia ☐ Otro (especifique): _____

☒ Informe disciplinario: 5 / 14 / 15        MENARD C.C.
  (Fecha de informe)                       (Instalaciones donde emitio)

**Nota:** las negaciones de custodia preventive pueden ser lloraron inmediatamente a traves de la administracion local en la notificacion de estado de custodia protectora..

**Completo:** Adjuntar una copia de cualquier documento pertinente (por ejemplo, un informe disciplinario, registro de Renault, etc.) y enviar a:
Consejero, a menos que el tema implica la disciplina, se considera una emergencia o esta sujeto a revisión directa por la Junta de revisión administrativa.
Queja oficial, solo si la cuestion implica la disciplina en la instalacion actual o la cuestion no resuelta por el consejero.
Oficial Administrativo Jefe, solo si la EMERGENCIA reclamo.
Junta de revision administrativa, solo si la cuestion implica transferencia negative por el Coordinador de transferencia, custodia preventive, administracion involuntaria de drogas psicotropicas, u otra instalacion excepto bienes personales cuestiones o problemas no resueltos por el oficial administrativo jefe.

El resumen del Agravio (Proporcionan la información incluso una descripción de lo que pasó, cuando y donde pasó, y el nombre o información que se identifica para cada implicado): ON 4·17·15 WHILE AT MSU I WAS

BROUGHT to SEG UNDER INVESTIGATION.

AFTER NUMEROUS INTERVIEWS WITH I.A. ON 5·14·15 I WAS

ISSUED A TICKET FOR 102-ASSAULTING ANY PERSON. THE VICTIM

of THE ASSAULT BEING JACOB INGERSOLL R60318. MR. INGERSoll

NEVER IDENTIFIED ME AS BEING INVOLVED IN THE ASSAULT THAT

OCCURED. THIS FELL ON DEAF EARS AT THE ADJUSTMENT ─→

El Alivio Pedido: TICKET EXPUNGMENT, ANY ACTION TAKEN BY ADJ.

COMMITTEE (6MONTHS SEG, 6MONTHS & GRADE, 6 MONTHS COM. RESTRICTION)

REVERSED AND ALLOWED TO RETURN TO (MSU) OR MEDIUM SECURITY TRANSF

☐ Solo comprobar si se trata de un reclamo de EMERGENCIA debido a un riesgo sustancial de inminente lesions personales o otros graves o irreparables danan a sí mismo.

/s/ Miguel A. Suarez
    Firma del delincuenta          M22336    7, 16, 15
                                    ID#        Fecha
(Seguir en reverso, si es necesario)  — RECEIVED

| **Respuesta del consejero** (si procede) | JUL 21 2015 GRU OFF |
|---|---|
| Fecha Recibido: ___ / ___ / ___   ☐ Enviar directamente al reclamo oficial | ☐ Fuera de competencia de esta instalacion. Enviar a Junta de revision administrativa, P.O. Box 19277, Springfield, IL 62794-9277 |

Respuesta:

**RECEIVED**

**AUG 14 2015**

**ADMINISTRATIVE REVIEW BOARD**

Imprimire/nombre del Consejero      fFirma del consejero      Fecha de respuesta

| **REVISION DE EMERGENCIA** | |
|---|---|
| Fecha Recibido: ___ / ___ / ___   Esto determina que es un character de emergencia? | ☐ Si; acelerar la queja de emergencia ☐ No; una situacion de emergencia no es justificado. Delincuente debe presentar esta queja de la manera normal. |
| Firma del official Administrativo Jefe | ___ / ___ / ___ Fecha |

QUEJA DEL DELINCUENTE (Continuo)

COMMITTEE HEARING HELD ON 5·19·15.

SINCE BEING FOUNT GUILTY (WRONGFULLY) MR. INGERSOLL HAS
PROVIDED ME WITH A SIGNED & SWORN AFFIDAVIT (ATTACHED)
STATING THAT I DID NOT ASSAULT HIM, IN FACT 2 PEOPLE
DID ASSAULT HIM YET IM THE ONLY ONE ACCUSED.
CLEARLY THIS IS A SITUATION WHERE I.A. DID NOT CARE
WHO PAID FOR THE CRIME AS LONG AS SOMEBODY DID. I
IN TURN HAVE BEEN DEEMED THE SCAPEGOAT BUT HAVE
EVIDENCE (AFFIDAVIT : ATTACHED DOCUMENT) OF MY INNOCENCE.

—    /s/ Miguel A. Suarez           M223310 N2·637 7·16·15

RECEIVED

AUG 14 2015

ADMINISTRATIVE
REVIEW BOARD

8·10·15

I AM APPEALING THE CHIEF ADMINISTRATIVE
OFFICERS DECISION TO THE DIRECTOR.

THE REASON I AM APPEALING IS BECAUSE
I HAVE PROVIDED SUBSTANTIAL EVIDENCE
CORROBORATIVE WITH MY INNOCENCE CONCERNING
I.D.R WRITTEN ON 5.14.15. (ATTACHED)

THE EVIDENCE I AM REFFERING TO IS AN
AFFIDAVIT. (ATTACHED)

I.D.R. WRITTEN ON 5.14.15 WAS FOR A
102 ~ASSAULTING ANY PERSON OFFENSE.

THE VICTIM OF THIS ASSAULT IS JACOB INGERSOLL
ID# R60318 AS STATED IN I.D.R.

THE AFFIDAVIT IS WRITTEN BY JACOB INGERSOLL
ID # R60318, STATING THAT:

   1. TWO (2) MASKED INDIVIDUALS ASSAULTED HIM.

   2. DURING ASSAULT THE PERPETRATORS FOREARM
      WAS EXPOSED.

   3. HE OBSERVED I HAVE HEAVILY TATTOOED,
      FOREARMS AND DO NOT FIT THE DESCRIPTION
      OF THE PERPETRATORS OF THE ASSAULT.

THIS EVIDENCE IS MORE THAN ENOUGH TO PROVE
MY INNOCENCE.

   THE GRIEVENCE OFFICER (LORI OAKLEY) ARGUES
THAT THE ADJUSTMENT COMMITTEE RELIED ON EVIDENCE
PROVIDED BY INVESTIGATION TO FIND ME GUILTY

THIS "INVESTIGATION" IS OBVIOUSLY FLAWED.

INVESTIGATION ONLY IDENTIFIES ME AS THE PERPETRATOR OF THIS ASSAULT.

JACOB INGERSOLL #R60318 THE [VICTIM] OF SAID ASSAULT MENTIONS THAT TWO (2) PEOPLE ASSAULTED HIM.

INVESTIGATION DOES NOT MENTION A SECOND INDIVIDUAL IN SAID ASSAULT ONLY ONE PERSON. ME

INVESTIGATION CLAIMS THAT I HAD REDNESS AND SWELLING ON MY HANDS.

YET INVESTIGATION CLAIMS I WAS WEARING GLOVES TO PREVENT THIS.

I HAD NO REDNESS OR SWELLING ON MY HANDS.

NO EVIDENCE IS PRESENTED SHOWING THAT I HAVE REDNESS OR SWELLING ON MY HANDS. WHY?

INVESTIGATION CLAIMS ASSAULT WAS [UN]WITNESSED.

MEANING ONLY JACOB INGERSOLL R60318 CAN IDENTIFY THE PERPETRATORS OR DESCRIPTIONS.

JACOB INGERSOLL HAS DISCREDITED ME AS A PERPETRATOR IN SAID ASSAULT IN AFFIDAVIT.

I REQUEST SAME RELIEF MENTIONED TO GRIEVENCE OFFICER.

/s/ Miguel A. Suarez

M223365 8 ADE15

MIGUEL A SUAREZ

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** SUAREZ, MIGUEL | **IDOC Number:** M22336 | **Race:** HSP |
| **Hearing Date/Time:** 5/19/2015  08:55 AM | **Living Unit:** PNK-R5-B-36 | **Orientation Status:** N/A |
| **Incident Number:** 201500720/1 - MEN | **Status:** Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 5/14/2015 | 201500720/1-MEN | HOF, MICHAEL P | MENARD CORRECTIONAL CENTER | 09:15 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 102 | Assaulting Any Person - Inmate | Guilty |
| | *Comments:inmate assault* | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|
| No Witness Requested | | | |

## RECORD OF PROCEEDINGS
Inmate pled not guilty stated someone dropped a kite saying I was doing tattoos.

## BASIS FOR DECISION
Based on report an investigation that initiated on April 17th, was completed.  Offender Suarez was implicated as the perpetrator of an unwitnessed assault against offender Ingersoll R60318 with in  Ingersoll's cell.  Multiple confidential sources names being withheld for safety and security of the instituion stated that both Ingersoll and Suarez had been competitors for the tattoo market with offenders at MSU.  One confidential source claimed that offender Suarez believed offender Ingersoll tried to incriminate Suarez for his tattoo work by notifying staff of Suarez activates in an attempt to eliminate completion.  The source also claimed that after the assault occurred Suarez admitted to assaulting Ingersoll for alerting staff to the tattoo work he had been doing.  The source claimed that Suarez wore his gloves in an attempt to conceal any damage to his hands.  Suarez was later observed with redness and swelling to both of this hands.  The consistency of the multiple statement and damage to Suarez's hands substantiate the Charge of 102 assaulting any person.  Inmate ID by OTS sheet and state ID card.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 6 Months C Grade | 6 Months C Grade |
| 6 Months Segregation | 6 Months Segregation |
| 6 Months Commissary Restriction | 6 Months Commissary Restriction |
| **Basis for Discipline:**nature of offense | |

## Signatures
### Hearing Committee

| | Signature | Date | Race |
|---|---|---|---|
| EVELSIZER, DAVID L  - Chair Person | | 05/19/15 | WHI |
| JACKSON, TERRANCE T | | 05/19/15 | BLK |
| Recommended Action Approved | | | |

## Final Comments: N/A

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** SUAREZ, MIGUEL

**Hearing Date/Time:** 5/19/2015  08:55 AM

**Incident Number:** 201500720/1 - MEN

**IDOC Number:** M22336

**Living Unit:** PNK-R5-B-36

**Status:** Final

**Race:** HSP

**Orientation Status:** N/A

---

KIMBERLY S BUTLER / KSB  5/21/2015

**Chief Administrative Officer**

05/21/15

**Signature**          **Date**

---

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

YVETTE BAKER

**Employee Serving Copy to Committed Person**

5/29/2015          01:00 PM

**When Served  - - Date and Time**

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Disciplinary Report**

Menard Correctional Center

Facility

Date: 05/14/2015

| Type of Report: | |
|---|---|
| ☒ Disciplinary | ☐ Investigative |

Offender Name:   Suarez, Miguel          ID #:   M22336

Observation Date:   05/14/2015    Approximate Time:   09:15   ☒ a.m.  ☐ p.m.    Location:   Intelligence Unit

**Offense(s): DR 504:**   102 – Assaulting Any Person

**Observation:** (NOTE: Each offense identified above must be substantiated.) On the above date and approximate time, an investigation that initiated on April 17th was completed. Offender SUAREZ M22336 was implicated as the perpetrator of an unwitnessed assault against offender INGERSOLL, Jacob R60318 within INGERSOLL's cell (MSU C-78). Multiple confidential sources (names being withheld for safety and security of the institution) stated that both INGERSOLL and SUAREZ had been competitors for the tattoo market with offenders at MSU. One confidential source claimed that offender SUAREZ believed offender INGERSOLL tried to incriminate SUAREZ for his tattoo work by notifying staff of SUAREZ's activities in an attempt to eliminate competition. The source also claimed that after the assault occurred, SUAREZ admitted to assaulting INGERSOLL for alerting staff to the tattoo work he had been doing. The source claimed that SUAREZ wore his gloves in an attempt to conceal any damage to his hands. SUAREZ was later observed with redness and swelling to both of his hands. The consistency of the multiple statements and damage to SUAREZ's hands substantiate the charge of 102 – Assaulting Any Person.

Witness(es):

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.   ☒ a.m. ☐ p.m.

| M. Hof | 9467 | /s/ M. Hof | 5/14/15 | 9 15 |
|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |

**Disciplinary Action:**

**Shift Review:** ☒ Temporary Confinement   ☐ Investigative Status   Reasons: _nature of offense_

Kevs 791                    /s/ Major Rees                    5-14-15
Printed Name and Badge #        Shift Supervisor's Signature        Date
                                (For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☒ Confinement reviewed by Reviewing Officer   Comment: _I concur_

☒ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ Minor Infraction, submitted to Program Unit

Major Page                    /s/ Major Page                    5-14-15
Print Reviewing Officer's Name and Badge #    Reviewing Officer's Signature    Date

☒ Hearing Investigator's Review Required (Adult Correctional Major Reports Only)
                              /s/ Hearing Investigator's Signature    5/14/15
Print Hearing Investigator's Name and Badge #    Hearing Investigator's Signature    Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement/or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary, and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign

C/O Wohrenberg                    Offender's Signature   ID#            /s/ C/O Wohrenberg
Serving Employee (Print Name)    Badge # 3136            Signature

5/14/15          Time Served 8:45   ☐ a.m. ☐ p.m.
Date Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

/s/ Miguel A. Suarez
Offender's Signature                    ID#

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Date of Disciplinary Report        Print offender's name        ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

Print Name of witness        Witness badge or ID#    Assigned Cell        Title (if applicable)
                                                  (if applicable)

Witness can testify to:

Print Name of witness        Witness badge or ID#    Assigned Cell        Title (if applicable)
                                                  (if applicable)

Witness can testify to:

Page _____ of _____
Printed on Recycled Paper

Distribution: Master File
Offender
Facility (2)

DOC 0317 (Rev. 2/2007)

ILLINOIS DEPARTMENT OF CORRECTIONS.

## Administrative Review Board
## Return of Grievance or Correspondence

Offender: *Suarez*         *Michael*         MI ___   *M22336*
           Last Name         First Name              ID#

Facility: *Menard CC*

☒ Grievance: Facility Grievance # (if applicable) _____ Dated: *7/5/15*   or ☐ Correspondence: Dated: _____

Received: *7/13/15* Regarding: *IDR # 5/14/15*
          Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☒ Provide a copy of the Response to Offender's Grievance, DOC 0047, <u>including the Grievance Officer's and Chief Administrative Officer's response, to appeal.</u>  *If timely per AR504.810*

☐ Provide dates of disciplinary reports and facility where incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information.  Please return the attached grievance or correspondence with the additional information requested to:   Administrative Review Board
     Office of Inmate Issues
     1301 Concordia Court
     Springfield, IL   62794-9277

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee.  If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to:  Illinois Prisoner Review Board
     319 E. Madison St., Suite A
     Springfield, IL   62706

**No further redress:**

☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; <u>therefore, this issue will not be addressed further</u>.

☐ This office previously addressed this issue on _____
                                                    Date

☐ No justification provided for additional consideration.

**Other** (specify): _____
_____

Completed by: __Leslie McCarty__          /s/ Leslie McCarty          *7/21/15*
                 Print Name                     Signature                Date

Distribution:   Offender
                Inmate Issues

*Printed on Recycled Paper*          DOC 0070 (Rev.4/2013)

ILLINOIS DEPARTMENT OF CORRECTIONS

## OFFENDER'S GRIEVANCE

| Date: 7.5.15 | Offender: (Please Print) MIGUEL A. SUAREZ | ID#: M22336 |
|---|---|---|
| Present Facility: MENARD C.C. | Facility where grievance issue occurred: MENARD C.C. (MSU) | |

**NATURE OF GRIEVANCE:**

☐ Personal Property          ☐ Mail Handling          ☐ Restoration of Good Time          ☐ Disability
☐ Staff Conduct              ☐ Dietary                ☐ Medical Treatment                 ☐ HIPAA
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator                    ☐ Other (specify): _____

☒ Disciplinary Report:  5 / 14 / 2015          MENARD C.C.
                   Date of Report          Facility where issued

Note:     Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:**
    **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    **Chief Administrative Officer,** only if EMERGENCY grievance.
    **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

Brief Summary of Grievance: ON 4-17-15 WHILE AT MSU AT MENARD C.C.
(WHICH IS CONSIDERED A MEDIUM SECURITY TRANSFER IF FORMERLY
AT MENARD C.C.) I WAS TAKEN TO MENARD C.C. UNDER
INVESTIGATION.
    AFTER VARIOUS INTERVIEWS WITH THE FACILITIES INVESTIGATION
UNIT, ON ~~THIS~~ 5.14.2015 I RECIEVED AN IDR (TICKET) FOR
102- INMATE ASSAULT/ASSAULTING ANY PERSON.
    I WAS NOT INVOLVED IN THE ASSAULT THAT HAPPENED
TO INMATE JACOB INGERSOLL R60318.
    MR. JACOB INGERSOLL R60318 HAS SIGNED A SWORN

Relief Requested: TICKET EXPUNGED FROM MY RECORD, ALONG WITH ANY ACTIONS
TAKEN BY FACILITY (SEG TIME, C-GRADE, COMMISARY RESTRICTION),
TRANSFER TO MSU WHERE I CAME FROM.

☐ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

/s/ Miguel A. Suarez           M22336    7, 5, 15
       Offender's Signature                 ID#       Date
                                 **(Continue on reverse side if necessary)**

---

### Counselor's Response (if applicable)

Date
Received: ___ / ___ / ___          ☐ Send directly to Grievance Officer          ☐ Outside jurisdiction of this facility. Send to
                                                             Administrative Review Board, P.O. Box 19277,
                                                             Springfield, IL 62794-9277

Response: _____

RECEIVED
JUL 13 2015
ADMINISTRATIVE
REVIEW BOARD

    Print Counselor's Name                          Counselor's Signature             Date of Response

---

### EMERGENCY REVIEW

Date
Received: ___ / ___ / ___          Is this determined to be of an emergency nature?          ☐ Yes; expedite emergency grievance
                                                               ☐ No; an emergency is not substantiated.
                                                             Offender should submit this grievance
                                                             in the normal manner.

    Chief Administrative Officer's Signature                                              Date

AFFIDAVIT (ATTACHED DOCUMEND) STATING THAT I ~~DID~~ DID NOT
PARTICIPATE IN THE PROCLAIMED ASSAULT.
    MY PLEA TO THE ADJUSTMENT COMMITTEE AT MENARD C.C.
FELL ON DEAF EARS AS HAS BEFORE.
    WITH THE TRANSFER TO MSU TO REGULAR MENARD C.C.
I AM ACTING IN ACCORDANCE WITH THE ILLINOIS ADMINISTRATIVE
CODE CH. I SEC. 504 SUBCHAPTER (e) SUBPART F SEC 504.870 d)
"OFFENDERS SHALL SUBMIT GRIEVENCES DIRECTLY TO THE A.R.B
WHEN GRIEVING: 3. DECISIONS REGARDING DISCIPLINARY PROCEEDINGS
THAT WERE MADE AT A FACILITY OTHER THAN THE FACILITY WHERE
THE OFFENDER IS CURRENTLY ASSIGNED"
    I HAVE SENT A GRIEVENCE TO FACILITY COUNSELOR AND
GRIEVENCE OFFICER WITHOUT ANY RESPONSE TO THIS ISSUE AND
AM BEING HELD IN SEGREGATION UNLAWFULLY AND
UNCONSTITUTIONALLY.

    RESPECTFULLY SUBMITTED,
    /s/ Miguel A. Suarez
    MIGUEL A. SUAREZ
    M22336   N2-637
    7-5-15

ILLINOIS DEPARTMENT OF CORRECTIONS.

## Administrative Review Board
## Return of Grievance or Correspondence

Offender: _Suarez_ _Miguel_ _M22336_
               Last Name             First Name          MI       ID#

Facility: _Menard C C_

☒ Grievance: Facility Grievance # (if applicable) _3-2-15_ Dated: _10/17/14_ or ☐ Correspondence: Dated: _____

Received: _5/22/15_ Regarding: _Property - Reimbursed clothing destroyed because of scabies_
       Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, <u>including the Grievance Officer's and Chief Administrative Officer's response, to appeal.</u>

☐ Provide dates of disciplinary reports and facility where incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information.  Please return the attached grievance or correspondence with the additional information requested to:  Administrative Review Board
                                               Office of Inmate Issues
                                               1301 Concordia Court
                                                   Springfield, IL   62794-9277

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee.  If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to:  Illinois Prisoner Review Board
                            319 E. Madison St., Suite A
                            Springfield, IL   62706

**No further redress:**

☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.

☒ Not submitted in the timeframe outlined in Department Rule 504; <u>therefore, this issue will not be addressed further.</u>

☐ This office previously addressed this issue on _____.
                                         Date

☐ No justification provided for additional consideration.

**Other** (specify): _____

Completed by: _Leslie McCarty_            /s/ Leslie McCarty          _5/27/15_
                Print Name                             Signature             Date

Distribution:  Offender
              Inmate Issues

*Printed on Recycled Paper*                             DOC 0070 (Rev.4/2013)

No-8-14

## Grievance Officer's Report

Date Received: February 3, 2015          Date of Review: May 5, 2015          Grievance # (optional): 3-2-15

Offender: Suarez, Miguel                                              ID#: M22336

Nature of Grievance: Clothing

**Facts Reviewed:** All information submitted to the Grievance Officer by the offender or institutional staff pertaining to this issue(s) being grieved has been thoroughly reviewed. Offender submitted a grievance dated 10-17-14 and grieves on 10-10-14 he and his cellmate were treated for scabies and his clothing was destroyed instead of being laundered.  Relief requested:  Reimbursed.

Counselor replied and returned grievance to offender on 11-6-14 - according to Officer Edwards the Health Care Unit accidently destroyed the items. Please provide receipts or inventory to grievance office.

The only attachment provided by offender is a Segregation "Storage" inventory dated 6-20-13.

Grievance was received by the Grievance Office on 2-3-15 and is OUT OF TIME FRAME for grievance review according to DR504F.

**RECEIVED**
MAY 2 2 2015
ADMINISTRATIVE
REVIEW BOARD

**Recommendation:** Out of time frame for grievance review.

Lori Oakley
Print Grievance Officer's Name                    /s/ Lori Oakley
                                                   Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

## Chief Administrative Officer's Response

Date Received: May 7, 2015          ☒ I concur     ☐ I do not concur     ☐ Remand

Comments:

/s/ Kim Butler                                    8 MAY 15
Chief Administrative Officer's Signature           Date

## Offender's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director.  I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

/s/ Miguel A. Suarez          M22336          5-19-15
Offender's Signature          ID#          Date

**OFFENDER'S GRIEVANCE**

Date: 10·17·14  Offender: (Please Print) MIGUEL SUAREZ  ID#: M22336

Present Facility: MENARD C.C.  Facility where grievance issue occurred: MENARD C.C.

**NATURE OF GRIEVANCE:**  3-2-15

☒ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ ADA Disability Accommodation
☐ Staff Conduct  ☐ Dietary  ☒ Medical Treatment  ☐ HIPAA
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator  ☐ Other (specify):

☐ Disciplinary Report: _____ / _____
Date of Report        Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance: On 10·10·14 I went to sick call for an infection that I had on my skin throughout most of my body. I was sent to the health care unit where it was determined that I had scabies (me & my cellmate) I was immediately put on deadlock until proper medical treatment was given so that night (10.10.14) at 7:25 PM when the nurse passed out meds. Both me and my cellmate recieved permethrin 5% cream and five or take 5 red biohazard plastic bags and 5 clear plastic bags. After leaving on the permethrin 5% cream for 12 hours we were suppose to let take a shower →

Relief Requested: I would request to be reimbursed for all the items that were lost due to inadequate handling of my property

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

/s/ Miguel A. Suarez
Offender's Signature  ID# M22336  Date 10/17/14

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**  RECEIVED FEB 03 2015

Date Received: 10/27/14  ☐ Send directly to Grievance Officer  ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: According to C/O Edwards, HCU destroyed items accidently. Please provide reciepts or inventory to grievance office.

R Rowold CCI
Print Counselor's Name  /s/ R. Rowold, CCI
Counselor's Signature  Date of Response 11/6/14

**EMERGENCY REVIEW**

Date Received: ___/___/___  RECEIVED MAY 2 2 2015  Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature  ADMINISTRATIVE REVIEW BOARD  Date

Distribution: Master File; Offender  Page 1  DOC 0046 (8/2012)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

WHICH DID NOT OCCUR UNTIL ABOUT 2 PM. (10·11·14) BEFORE WE
WERE LET SHOWER C/O EDWARDS #9387 TOLD US TO PUT
ALL OUR CLOTHES AND LINENS IN THE RED & CLEAR BAGS
THAT WHERE GIVEN TO US THE PREVIOUS NIGHT SO THAT
THEY COULD GET SENT TO HEALTH CARE TO BE PROPERLY
WASHED TO WHICH WE COMPLIED. WE WHERE GIVEN NEW
LINENS & TOWELS AFTERWARDS. ON 10·17·14 C/O EDWARDS #9387
NOTIFIED ME & MY CELLMATE (McMANIGAL R51893) THAT ALL OF
OUR CLOTHES HAD BEEN THROWN AWAY ON ACCIDENT AT
THE HEALTH CARE UNIT. I LOST 2 PAIR OF SHORTS, 2 PAIR
OF SWEATPANTS (4XL) 2 PAIRS OF SWEATSHIRTS (4XL) 5 DAY60 T-SHIRTS
(WHICH ARE NOT SOLD DOWN HERE) 6 PAIRS OF SOCKS, 2 PAIRS OF
ANKLE SOCKS (NOT SOLD IN MENARD) 5 T-SHIRTS, 2 HEADBANDS,
2 PAIRS OF GLOVES, 2 SKULLCAP, 2 DRY TOWELS, 2 FACE TOWEL
5 PAIRS OF BOXERS (LARGE), 2 THERMALS TOP (3XL) 2 THERMAL BOTTOM (XL
ALL OF THESE ITEMS WHERE COMMISARY PURCHASED AND HAD
MY ID # M22336 WRITTEN ON THEM.

_____

/s/ Miguel A. Suarez                    M22336   W522   10·17·14

# PERSONAL PROPERTY RECEIPT-SEGREGATION STORAGE

INMATE NAME _____

ID NUMBER _____

STORAGE LOCATION: SEGREGATION PROPERTY

DATE _____

THE FOLLOWING LIST OF PERSONAL PROPERTY ITEMS ARE BEING PLACED IN STORAGE FOR THE
ABOVE NAMED INMATE PENDING HIS RELEASE FOR THE SEGREGATION UNIT.

**COSMETICS:**
____BRUSHES
____COMBS
____HAIR PICKS
____MIRRORS
____NAIL CLIPPERS
____MOUTHWASH
____TOOTH BRUSHES
____TOOTH PASTES
____TOOTHBRUSH CASE

____AFTER SHAVE
____MAGIC SHAVE
____SHAMPOO
____CONDITIONER
____VASELINE PRODUCTS
____DEODORANT
____LOTION
____SOAP DISH
____SOAP

**MISC:**
____BATTERIES
____BOWLS
____CUPS
____DESK LAMP
____COLORED PENCILS
____PENS
____PENCILS
____MARKERS
____WATCHES
____TRIMMERS
____TYPEWRITER

____CALCULATORS
____HANDBALLS
____BULBS
____AUDIO JACKS
____CABLES
____CABLE CONNECTOR
____SPLITTERS
____EAR BUDS
____HEADPHONE EXTENSION
____EXTENSION CORD
____WALK MAN _____

(MAKE/MODEL #)_____

**CLOTHING:**
____SOCKS
____BOOTS
____STATE PANTS
____STATE COAT
____STATE SHIRT
____BOXERS
____T-SHIRTS
____GLOVES
____PAJAMAS
____PRAYER RUG
____GYM SHORTS
____SWEAT SHIRTS
____SWEAT PANTS

____THERMAL TOPS
____THERMAL BOTTOMS
____PERSONAL PANTS
____PERSONAL SHIRTS
____SOCK CAP
____HAT
____BRIEFS
____UNDER SHIRTS
____GYM SHOES
____BATH TOWEL
____WASH CLOTHS
____EAR MUFF
____LAUNDRY BAG
____SHOWER SHOES

**ART SUPPLIES:**
_____
_____
_____

**FOOD:**
____BEANS-N-RICE
____BEEF-N-CHEESE
____CAKES
____CHEESE B
____CHILI
____CHIPS
____COFFEE

____COOKIES
____HARD CANDY
____KOOL-AID
____SAUSAGES
____SODA
____SOUPS
____TORTILLAS

**RECEIVED**

MAY 2 2 2015

**ADMINISTRATIVE**
**REVIEW BOARD**

**OTHER ITEMS:**
____TAPES
____BIBLE

____BOOKS
____QURAN

____DICTIONARY
____MAGAZINES

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

INMATES SIGNATURE /s/ Miguel A. Suarez _____ NUMBER _____

PROPERTY OFFICER'S SIGNATURE _____

THE ABOVE ITEMS OF PROPERTY HAS BEEN RETURNED TO THE INMATE ON: _____

INMATE SIGNATURE _____ NUMBER

PROPERTY OFFICER'S SIGNATURE _____

DCA 16099 IL. 426-9013 (REV 03/2010)

PROP BOX # _____ CORR BOX # _____

**RECEIVED**

FEB 0 3 2015

# RECORDS OFFICE

MIGUEL SUAREZ  M22336  N2 8.14  5.12.15

5/13/15
Sent copy
of Inventory
list. No
kite attached
to grievance
P.S.

I WROTE A GRIEVENCE (GRIEVENCE # 3-2-15) TO WHICH THE COUNSELOR ASKED ME FOR AN INVENTORY SLIP, TO WHICH I SENT TO THE GRIEVENCE OFFICER ALONG WITH A KITE DESCRIBING WHY I WAS SENDING THE GRIEVENCE ALONG WITH THE INVENTORY SLIP TO HIM. I NEED A COPY OF THE KITE AND INVENTORY SLIP THAT I SENT TO THE GRIEVENCE OFFICER. THE KITE IS DATED AND SIGNED BY THIS INMATE. THANK YOU FOR YOUR TIME

X /s/ Miguel A. Suarez          M22336  N2.8.14  5.12.15

**RECEIVED**

MAY 2 2 2015

**ADMINISTRATIVE**
**REVIEW BOARD**

# PERSONAL PROPERTY RECEIPT-SEGREGATION STORAGE

INMATE NAME _____     ID NUMBER _____
STORAGE LOCATION: SEGREGATION PROPERTY     DATE _____

THE FOLLOWING LIST OF PERSONAL PROPERTY ITEMS ARE BEING PLACED IN STORAGE FOR THE
ABOVE NAMED INMATE PENDING HIS RELEASE FOR THE SEGREGATION UNIT.

## COSMETICS:
____BRUSHES
____COMBS
____HAIR PICKS
____MIRRORS
____NAIL CLIPPERS
____MOUTHWASH
____TOOTH BRUSHES
____TOOTH PASTES
____TOOTHBRUSH CASE

____AFTER SHAVE
____MAGIC SHAVE
____SHAMPOO
____CONDITIONER
____VASELINE PRODUCTS
____DEODORANT
____LOTION
____SOAP DISH
____SOAP

## MISC:
____BATTERIES
____BOWLS
____CUPS
____DESK LAMP
____COLORED PENCILS
____PENS
____PENCILS
____MARKERS
____WATCHES
____TRIMMERS
____TYPEWRITER

____CALCULATORS
____HANDBALLS
____BULBS
____AUDIO JACKS
____CABLES
____CABLE CONNECTOR
____SPLITTERS
____EAR BUDS
____HEADPHONE EXTENSION
____EXTENSION CORD
____WALK MAN

(MAKE/MODEL #)_____

## CLOTHING:
____SOCKS
____BOOTS
____STATE PANTS
____STATE COAT
____STATE SHIRT
____BOXERS
____T-SHIRTS
____GLOVES
____PAJAMAS
____PRAYER RUG
____GYM SHORTS
____SWEAT SHIRTS
____SWEAT PANTS

____THERMAL TOPS
____THERMAL BOTTOMS
____PERSONAL PANTS
____PERSONAL SHIRTS
____SOCK CAP
____HAT
____BRIEFS
____UNDER SHIRTS
____GYM SHOES
____BATH TOWEL
____WASH CLOTHS
____EAR MUFF
____LAUNDRY BAG
____SHOWER SHOES

## ART SUPPLIES:
_____
_____
_____

## FOOD:
____BEANS-N-RICE
____BEEF-N-CHEESE
____CAKES
____CHEESE
____CHILI
____CHIPS
____COFFEE

____COOKIES
____HARD CANDY
____KOOL-AID
____SAUSAGES
____SODA
____SOUPS
____TORTILLAS

## OTHER ITEMS:
____TAPES    ____BOOKS    ____DICTIONARY
____BIBLE    ____QURAN    ____MAGAZINES

RECEIVED
MAY 2 2 2015
ADMINISTRATIVE
REVIEW BOARD

INMATES SIGNATURE /s/ Miguel A. Suarez    NUMBER_____
PROPERTY OFFICER'S SIGNATURE_____
THE ABOVE ITEMS OF PROPERTY HAS BEEN RETURNED TO THE INMATE ON:_____
INMATE SIGNATURE_____    NUMBER
PROPERTY OFFICER'S SIGNATURE_____
DCA 16099 IL. 426-9013 (REV 03/2010)    PROP BOX #_____  CORR BOX #_____

RECEIVED

MIGUEL SUAREZ   M22336   N2.84.01   5.19.15

I AM APPEALING THE CHIEF ADMINISTRATIVE OFFICERS
DECISION ON GRIEVENCE # 3-2-15 (ATTACHED).

GRIEVENCE OFFICER LORI OAKLEY ARGUES THAT AFTER THE
COUNSELORS RESPONSE I WAS ASKED TO PROVIDE RECEIPTS OR
INVENTORY TO GRIEVENCE OFFICER.

GRIEVENCE OFFICER LORI OAKLEY STATES THAT I PROVIDED
A SEGREGATION "STORAGE" INVENTORY DATED 6-20-13, THIS
INVENTORY IS FROM WHEN I ARRIVED AT MENARD C.C.

DUE TO INADEQUATE MAIL HANDLEING, GRIEVENCE OFFICER
LORI OAKLEY RECIEVED THIS INVENTORY SLIP ON 2-3-15.

I SENT THE INVENTORY SLIP WITH A KITE EXPLAINING
WHY I WAS SENDING IT TO THE GRIEVENCE OFFICER, THIS
WAS DONE ✳ ON 11-6-14 THE DAY I RECIEVED THE
COUNSELORS RESPONSE. DUE TO INADEQUATE MAIL HANDLEING
THE GRIEVENCE OFFICER RECIEVED IT UNTIL 2-3-15.

THE KITE THAT WAS SENT ALONG WITH INVENTORY SLIP
ALSO WAS MYSTERIOUSLY LOST WHICH WAS DATED AND
SIGNED BY THIS INMATE.

REGARDLESS OF THE INADEQUATE MAIL HANDLEING WHICH
MENARD IS NOTORIOUS FOR, IT WAS THE RESPONSIBILITY
OF THE GRIEVENCE OFFICER TO INVESTIGATE THIS MATTER
AND HERSELF/HIMSELF SEARCH THROUGH INSTITUTIONAL
RECORDS TO DETERMINE WHAT CLOTHING ITEMS WHERE IN
INMATES MOST RECENT INVENTORY SLIP.

IT IS NOT MY RESPONSIBILITY TO PROVIDE THE GRIEVENCE →

RECEIVED
MAY 2 2 2015
ADMINISTRATIVE
REVIEW BOARD

OFFICER WITH AN INVENTORY SLIP DUE TO THE FACT THAT

I COULD HAVE EASILY LOST THIS INVENTORY SLIP AND IS

EXACTLY WHY INSTITUTIONAL RECORDS ARE KEPT.

    I SHALL NOT BE HELD ACCOUNTABLE FOR THE INADEQUATE

MAIL HANDLEING AT MENARD C.C. NOR THE INADEQUATE

ACTION OF INVESTIGATING THIS MATTER BY GRIEVENCE

OFFICER.

    I AM STILL SUBJECT TO REIMBURSMENT FOR THE LOSS

OF MY CLOTHING DUE TO INADEQUATE HANDLEING OF

MY PROPERTY, C/O EDWARDS #9387 IS MY WITNESS TO

THIS MATTER.

    THANK YOU FOR YOUR TIME & AUDIENCE.


                        RESPECTFULLY SUBMITTED,

                        MIGUEL A. SUAREZ M22336 ON 5.19.15

/s/ Miguel A. Suarez          5.19.15



**Illinois**
Department of
**Corrections**

**PAT QUINN**
Governor

**S.A. GODINEZ**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

Offender Name: _Suarey Miguel_                             Date: _12/15-14_

Register # _M22336_

Facility: _Menard_

This is in response to your grievance received on _12/8-14_____. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: _12/3-14_ Grievance Number: _____ Griev Loc: _Menard_

- Ⓥ Transfer denied by the Facility or Transfer Coordinator
- ○ Dietary _____
- ○ Personal Property _____
- ○ Mailroom/Publications _____
- ○ Assignment (job, cell) _____

- ○ Commissary _____
- ○ Trust Fund _____
- ○ Conditions (cell conditions, cleaning supplies)
- ○ Disciplinary Report dated _____
     Incident #_____
- ○ Other _____

Based on a review of all available information, this office has determined your grievance to be:

- ○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.

- ○ Denied, in accordance with DR504F, this is an administrative decision.

- ○ Denied, this office finds the issue was appropriately addressed by the facility Administration.

- ○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)

- Ⓥ Denied, as the transfer denial by the facility/TCO on _9-2-14_ was reviewed in accordance with transfer procedures and is an administrative decision.

- ○ In addition, property items are to be disposed of in accordance with DR501C.

- ○ Denied as the facility is following the procedures outlined in DR525.

- ○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.

- ○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

- ○ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

- ○ Denied as the security staff are following the established schedule for dispensing cleaning supplies to the offender when possible.

○ Other:_____

FOR THE BOARD: _/s/ Billie W. Greer_
                              Billie W Greer
                              Administrative Review Board

CONCURRED:_/s/ S. A. Godinez_
                           S.A. Godinez
                           Director   _12/19/14_

CC:   Warden, _Menard_ Correctional Center
         _Suarey Miguel_, Register No. _M22336_

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 12.3.14 | Offender: (Please Print) MIGUEL A. SUAREZ | | ID#: M22336 |
|---|---|---|---|
| Present Facility: MENARD C.C. | | Facility where grievance issue occurred: HILL C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [☒] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ____/____/____ _____
  Date of Report          Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): ON 6.13.13 I WAS TRANSFERED FROM HILL C.C. TO MENARD C.C.

AFTER AN INCIDENT THAT HAPPENED ON HILL C.C. SEG YARD (I WAS IN

SEG IN HILL C.C. AT THE TIME) AFTER RECEIVING DISCIPLINARY REPORT ON

7.1.13 (18 DAYS PRIOR TO THE INCIDENT) I GRIEVENCED THE ISSUE OF

VIOLATION OF ILL. ADMINISTRATIVE CODE CH.1 SEC.504 SUBCHAPTER (E) SECTION

504.30 PART (F). ON 6.18.14 ADMINISTRATIVE REVIEW BOARD GRANTED MY

GRIEVENCE & REQUEST (ATTACHED. SEE EXHIBIT: A & B). ON 8.21.14 I REQUESTED

& WAS SUBMITTED BY CORRECTIONAL COUNSELOR ROBIN L. ROWOLD FOR

A MEDIUM SECURITY TRANSFER (ATTACHED. SEE EXHIBIT: C) AFTER NOT

RECEIVING AN APPROVAL NOR DENIAL FOR AROUND (60) SIXTY DAYS ➔

Relief Requested: TO BE GRANTED A MEDIUM SECURITY TRANSFER.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

/s/ Miguel A. Suarez _____  M22336  12 / 3 / 14
       Offender's Signature                              ID#              Date

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

Date Received: ____/____/____    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

*Inmate Issues*

*DEC 8 2014*

_____    _____    ____/____/____
Print Counselor's Name        Counselor's Signature        Date of Response

---

### EMERGENCY REVIEW

Date Received: ____/____/____    Is this determined to be of an emergency nature?

[ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____    ____/____/____
Chief Administrative Officer's Signature                    Date

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE** (Continued)

DURING COUNSELOR ROBIN L. ROWOLDS' GALLERY TOUR I ASKED ABOUT BEING SUBMITTED FOR A MEDIUM SECURITY TRANSFER AND RECEIVING NO APPROVAL NOR DENIAL. ON 10·30·14 CORRECTIONAL COUNSELOR ROBIN L. ROWOLD NOTIFIED ME THAT I HAD BEEN DENIED THE MEDIUM SECURITY TRANSFER ON 9·2·14 (ATTACHED. SEE EXHIBIT·D) AFTER EXPUNGMENT OF TICKET WRITTEN ON 6·13·13 (REASON FOR MEDIUM TO MAXIMUM SECURITY TRANSFER) THERE IS NO REASON WHY I SHOULD BE HOUSED IN A MAXIMUM SECURITY PRISON.

X /s/ Miguel A. Suarez          M22336   W5.22   12·3·14

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE**

| Date: 7-1-13 | Offender: MIGUEL SUAREZ (Please Print) | ID#: M22336 |
|---|---|---|

| Present Facility: MENARD C.C. | Facility where grievance issue occurred: HILL C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ Disability
☒ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ HIPAA
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☐ Other (specify): _____

☒ Disciplinary Report: __6__ / __13__ / __13__     HILL C.C.
                Date of Report                    Facility where issued

**Note:**   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
     **Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
     **Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
     **Chief Administrative Officer**, only if EMERGENCY grievance.
     **Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
     administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
     Administrative Officer.

**Brief Summary of Grievance:** On 7-1-13 I RECIEVED A DISCIPLINARY REPORT (ATTACHED DOCUMENT)

THAT WAS WRITTEN (18) EIGHTEEN DAYS PRIOR ON 6-13-13

   THE ILLINOIS ADMINISTRATIVE CODE CHAPTER 1 SECTION 504, SUBCHAPTER (e) UNDER SECTION

504.30 "PREPARATION OF DISCIPLINARY REPORTS" PART (F) (ATTACHED DOCUMENT) STATES [SERVICE OF

A DISCIPLINARY REPORT UPON THE OFFENDER SHALL COMMENCE THE DISCIPLINARY PROCEEDING.

IN NO EVENT SHALL A DISCIPLINARY REPORT OR INVESTIGATIVE REPORT BE SERVED UPON AN

ADULT OFFENDER MORE THAN (8) EIGHT DAYS]

   ON 6-13-13 I WAS TRANSFERRED TO MENARD C.C. FROM HILL C.C. UPON ARRIVAL AT

MENARD C.C. I WAS PLACED UNDER "INVESTIGATIVE STATUS"

   (ATTACHED DOCUMENT) ILLINOIS ADMINISTRATIVE CODE CHAPTER 1, SECTION 504, SUBCHAPTER (e)

**Relief Requested:** THAT THE DISCIPLINARY REPORT BE DEEMED UNADMISSABLE AND BE

EXPUNGED AS WELL AS ANY DICIPLINARY ACTIONS TAKEN BY THE DISCIPLINARY TICKET.

IN OTHER WORDS DISMISS DISCIPLINARY REPORT

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

/s/ Miguel A. Suarez             M22336     7 / 1 / 13
          Offender's Signature                    ID#          Date

(Continue on reverse side if necessary)

---

**Counselor's Response** (if applicable)

| Date Received: ___ / ___ / ___ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

~~inmate issues~~

DEC 8 2014

Print Counselor's Name            Counselor's Signature        Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___ / ___ / ___     Is this determined to be of an emergency nature?     ☐ Yes; expedite emergency grievance
                                                      ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature                          Date

UNDER SECTION 504.30 "PREPARATION OF DISCIPLINARY REPORTS" PART (e) STATES [IF AN
DEFENDER IS SUSPECTED OF COMMITING A DISCIPLINARY OFFENSE, AN INVESTIGATIVE
DISCIPLINARY REPORT, HEREINAFTER REFERRED TO AS AN INVESTIGATIVE REPORT, MAY BE
ISSUED THAT REASONABLY INFORMS THE OFFENDER OF THE SUBJECT OF THE INVESTIGATION
TO THE EXTENT THAT SAFETY AND SECURITY ALLOW]

I NEVER RECIEVED AN INVESTIGATIVE REPORT.

ACCORDINGLY BECAUSE DISCIPLINARY REPORT WAS WRITTEN PAST THE TIMELINE FOR
ITS FILING, GRIEVANT REQUEST THAT YOU ORDER THE LATE REPORT NULL AND VOID AND
HAVE IT PROPERLY DISMISSED AND ANY ACTION ERRONEOUSLY RECOMMENDED BY THE
ADJUSTMENT COMMITTEE BE DISMISSED AS UNFORCIBLE AND UNCONSTITUTIONAL AND
TERMINATED FROM PRISON FILES.

/s/ Miguel A. Suarez        M22336   7-1-13   8-42



**Illinois**
Department of
**Corrections**

**PAT QUINN**
Governor

**S.A. GODINEZ**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

June 18, 2014

Miguel Suarez
Register No.  M22336
Menard Correctional Center

Dear Mr. Suarez:

This is in response to your grievance received on July 22, 2013, regarding a disciplinary report dated June 13, 2013, which was alleged to have occurred at Hill Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

Offender Suarez is grieving that he was served IDR (6/3/13) on July 1, 2013 that is 18 days after the date of the infraction.

Based upon total review and available information and a compliance check of the procedural due process safeguards outlined in DR504, this office recommends that IDR (6/13/13) INC # 201300982 be expunged from the offender's disciplinary record, master file and offender's sanctions 1 year C Grade, 1 year Segregation and 1 year Commissary Restriction be restored pending any subsequent discipline.

The offender was served the IDR on July 1, 2013. A disciplinary report must be served to the adult offender no more than 8 days after the offense occurred.

FOR THE BOARD:  /s/ Billie W. Greer

Billie W. Greer
Administrative Review Board
Office of Inmate Issues

CONCURRED:  /s/ S. A. Godinez

S.A. Godinez
Director

Inmate Issues
DEC 8  2014

cc:   Warden, Menard Correctional Center
      Miguel Suarez, Register No. M22336
      Record Office
      Adjustment Committee

8-55

EXHIBIT : C

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | M22336 | **Counseling Date** | 08/21/14 14:45:10:320 |
| **Offender Name** | SUAREZ, MIGUEL | **Type** | Collateral |
| **Current Admit Date** | 07/08/2011 | **Method** | Other |
| **MSR Date** | 02/27/2018 | **Location** | MEN WEST CELL HOUSE |
| **HSE/GAL/CELL** | W -05-22 | **Staff** | ROWOLD, ROBIN L., Correctional Counselor I |

Offender submitted for a medium security transfer.

EXHIBIT : D

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | M22336 | **Counseling Date** | 10/30/14 11:34:01:270 |
| **Offender Name** | SUAREZ, MIGUEL | **Type** | Personal |
| **Current Admit Date** | 07/08/2011 | **Method** | Face To Face |
| **MSR Date** | 02/27/2018 | **Location** | MEN WEST CELL HOUSE |
| **HSE/GAL/CELL** | W -05-22 | **Staff** | ROWOLD, ROBIN L., Correctional Counselor I |

Offender seen in his cell during a gallery tour. Offender transfer denied 9/2/14.

```
OM1TR004          ILLINOIS DEPARTMENT OF CORRECTIONS -- OTS        12/15/14
                      TRANSFER COORDINATOR REVIEW                   15:45:43

IDOC#: M22336 SUAREZ, MIGUEL          1 A L  MEN-W -05-22        02/27/2018
TR ID#: 005
ASSESSED SECURITY:    2  FINAL SECURITY:  1
RECOMMENDED SECURITY: 2  RATIONALE:      03    ADDITIONAL OBSERVATION NEEDED
DESIGNATED SECURITY:
PLACEMENT ALLOWED BY CRITERIA REVIEW:   MEDIUM
EXCEPTION TO CRITERIA REQUESTED:        NOT FOUND
ESCAPE RISK:                            LOW
RCMD EXCEPT:                            MORE THAN 5 INSTS WITH KSFS:
RCMD PLACEMENT:   PNK            RATIONALE:  TRANSFER REASONS CITED ON

FINAL PLACEMENT: MEN     SPECIAL PLACEMENT:      TRANSFER AFTER:       00
PLCMT RATLE:  03   ADDITIONAL OBSERVATION NEEDED
INMATE DESIRES TRANSFER: Y  YES                 SCHEDULE ON BUS:
TRANSFER STATUS:    D    STATUS DATE:  9   2  14  BUS PRIORITY: _
RATIONALE, IF DENIED: 25   OTHER

MENU OPTION: RECLASS/TRANSFER
NEXT KEY DATA:  M22336    TRANSFER #:  005
PRESS PF9 TO CHANGE
```

```
OM0TR002              ILLINOIS DEPARTMENT OF CORRECTIONS -- OTS          12/15/14
                  TRANSFER PACKAGE SIGNATURE VERIFICATION INQUIRY        15:45:50


  IDOC#: M22336 SUAREZ, MIGUEL           1 A L  MEN-W -05-22        02/27/2018
  TR ID#: 005
                                                        RECOMMENDED
         -----SIGNATURE-----    -CODE-       --DATE--   -PLACEMENT-     -RTN-
         PREPARING COUNSELOR:   003465       8 21 14        PNK          24
         SUPERVISOR:                            00
         ASSIGNMENT OFFICER(S):                 00
                                                00
                                                00
         UNIT SUPERINTENDENT:                   00
         PROGRAMS:                              00
         OPS:                                   00


         WARDEN ACTION: A       002978       8 26 14        PNK          24
              (A,D,C OR
               Z = ENTERED IN ERROR)



  INQUIRY COMPLETE
```

| | | | | |
|---|---|---|---|---|
| Inmate Id: | M22336 | Ret Form Ind: | | |
| Name: | SUAREZ, MIGUEL | Modify Ind: | | |
| Chair Code: | BIGR | Deny Ind: | | |
| Grv Type: | L | Favorable Ind: | X | |
| Grv Code: | DR | Deferred Ind: | | |
| Receive Date: | 07/22/2013 | Moot Ind: | | |
| Hearing Date: | 06/18/2014 | Grievance Number: | | |
| Mailing Date: | 07/25/2014 | Incident Number: | 201301197 | |
| Grv Loc: | HILL CC | Incident Date: | 05/01/2013 | |
| Hearing Loc: | MENARD CC | Incident Inst: | HILL CC | |

Comments: GRIEVES DR (5/1/13) INC. # 201301197. IDR IS TO BE EXPUNGED SUAREZ
WAS SERVED IDR 8 DAYS AFTER THE OFFENSE OCCURRED



**Illinois**
Department of
**Corrections**

**PAT QUINN**
Governor

**S.A. GODINEZ**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

June 18, 2014

Miguel Suarez
Register No. M22336
Menard Correctional Center

Dear Mr. Suarez:

This is in response to your grievance received on July 22, 2013, regarding a disciplinary report dated June 13, 2013, which was alleged to have occurred at Hill Correctional Center. This office has determined the issue will be addressed without a formal hearing.

Offender Suarez is grieving that he was served IDR (6/3/13) on July 1, 2013 that is 18 days after the date of the infraction.

Based upon total review and available information and a compliance check of the procedural due process safeguards outlined in DR504, this office recommends that IDR (6/13/13) INC # 201300982 be expunged from the offender's disciplinary record, master file and offender's sanctions 1 year C Grade, 1 year Segregation and 1 year Commissary Restriction be restored pending any subsequent discipline.

The offender was served the IDR on July 1, 2013. A disciplinary report must be served to the adult offender no more than 8 days after the offense occurred.

FOR THE BOARD: _/s/ Billie W. Greer_

Billie W. Greer
Administrative Review Board
Office of Inmate Issues

CONCURRED:_/s/ S. A. Godinez_

S.A. Godinez
Director
TA
6/25/14

cc:  Warden, Menard Correctional Center
     Miguel Suarez, Register No. M22336
     Record Office
     Adjustment Committee

**OFFENDER'S GRIEVANCE**

| | | |
|---|---|---|
| Date: 7-1-13 | Offender: MIGUEL SUAREZ (Please Print) | ID#: M22336 |
| Present Facility: MENARD C.C. | Facility where grievance issue occurred: HILL C.C. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ Disability
☒ Staff Conduct  ☐ Dietary  ☐ Medical Treatment  ☐ HIPAA
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator  ☐ Other (specify): _____

☒ Disciplinary Report: 6 / 13 / 13     HILL C.C.
   Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On 7-1-13 I RECIEVED A DISCIPLINARY REPORT (ATTACHED DOCUMENT)

THAT WAS WRITTEN (18) EIGHTEEN DAYS PRIOR ON 6-13-13

THE ILLINOIS ADMINISTRATIVE CODE CHAPTER 1 SECTION 504, SUBCHAPTER (e) UNDER SECTION

504.30 "PREPARATION OF DISCIPLINARY REPORTS" PART (F) (ATTACHED DOCUMENT) STATES ["SERVICE OF

A DISCIPLINARY REPORT UPON THE OFFENDER SHALL COMMENCE THE DISCIPLINARY PROCEEDING

IN NO EVENT SHALL A DISCIPLINARY REPORT OR INVESTIGATIVE REPORT BE SERVED UPON AN

ADULT OFFENDER MORE THAN (8) EIGHT DAYS]

ON 6-13-13 I WAS TRANSFERRED TO MENARD C.C. FROM HILL C.C. UPON ARRIVAL AT

MENARD C.C. I WAS PLACED UNDER "INVESTIGATIVE STATUS"

(ATTACHED DOCUMENT) ILLINOIS ADMINISTRATIVE CODE CHAPTER 1, SECTION 504, SUBCHAPTER (e)

Relief Requested: THAT THE DISCIPLINARY REPORT BE DEEMED UNADMISSABLE AND BE

EXPUNGED AS WELL AS ANY DICIPLINARY ACTIONS TAKEN BY THE DISCIPLINARY TICKET.

IN OTHER WORDS DISMISS DISCIPLINARY REPORT

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

/s/ Miguel A. Suarez                    M22336          7 / 1 / 13
          Offender's Signature                ID#              Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: ___/___/___    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

Inmate issues

JUL 2 2 2013

_____          _____          ___/___/___
Print Counselor's Name              Counselor's Signature        Date of Response

**EMERGENCY REVIEW**

Date Received: ___/___/___    Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____          ___/___/___
Chief Administrative Officer's Signature        Date

Distribution: Master File; Offender                    Page 1                    DOC 0046 (Rev. 3/2005)
                                        Printed on Recycled Paper

UNDER SECTION 504.30 "PREPARATION OF DISCIPLINARY REPORTS" PART (e) STATES [IF AN

OFFENDER IS SUSPECTED OF COMMITING A DISCIPLINARY OFFENSE, AN INVESTIGATIVE

DISCIPLINARY REPORT, HEREINAFTER REFERRED TO AS AN INVESTIGATIVE REPORT, MAY BE

ISSUED THAT REASONABLY INFORMS THE OFFENDER OF THE SUBJECT OF THE INVESTIGATION

to the EXTENT THAT SAFETY AND SECURITY ALLOW]

   # NEVER RECIEVED AN INVESTIGATIVE REPORT.

 ACCORDINGLY BECAUSE DISCIPLINARY REPORT WAS WRITTEN PAST THE TIMELINE FOR

ITS FILING, GRIEVANT REQUEST THAT YOU ORDER THE LATE REPORT NULL AND VOID AND

HAVE IT PROPERLY DISMISSED AND ANY ACTION ERRONEOUSLY RECOMMENDED BY THE

ADJUSTMENT COMMITTEE BE DISMISSED AS UNFORCIBLE AND UNCONSTITUTIONAL AND

TERMINATED FROM PRISON FILES.


   /s/ Miguel A. Suarez          M22336   7-1-13   8-42

State of Illinois – Department of Corrections

## DISCIPLINARY REPORT

Page __1__ of __2__

☒ Disciplinary Report   06/13/2013        ☐ Investigative Report   _____
           **Date**                                                **Date**

Committed Person: Suarez, Miguel _____ No. M22336 _____ Facility: Hill Correctional Center

Observation Date: 06/13/2013 _____ Time: 07:50 ☒ am ☐ pm   Location: Segregation Yard

Officer A. Blakewell _____   /s/ Officer A. Blakewell _____ _____ 1905 ☐ am ☒ pm
**PRINT Employee's Name**         **Employee's Signature**        **Date**   **Time**

          ☒ A
Offense: 504 ☐ B   (102) Assaulting Any Person, (105) Dangerous Disturbance, (110) Impeding/interfering with an ??
          ☐ C

Observation:  As a result of an Investigation into a physical altercation that occurred on the Segregation Yard on June 13, 2013, the above charges have been substantiated against SUAREZ, MIGUEL M22336.

On June 13, 2013 at approximately 7:50am, Officer Fleming, while assigned to Tower 4 called a 10-10 (Fight in Progress) over the Institutional Radio on the Segregation Yard. Officer Fleming observed a Hispanic Inmate (later identified as Suarez) assaulting an Inmate (later identified Hale). Officer Fleming stated he observed Suarez in a mounted position

Witnesses, if any:  _____

**NOTE:**  Use continuation page if necessary to describe observation and/or list witnesses.

☒ Temporary Confinement  ☐ Investigative Status   Nature of offence
Reasons: _____

_Wayne Steel_                          /s/ Wayne Steel                         6/13/13
**PRINT Name**                        **Shift Supervisor's Signature**         **Date**
                                       **(For Community Correctional Centers, Chief Adm. Off.)**

☐ Confinement Reviewed by Reviewing Officer   Comments: ____ App Placed ____
LT. MILLARD #9833                          /s/ Lt. Millard                    6-13-13
**PRINT Name**                             **Signature**                      **Date**

☒ MAJOR, submitted to Adjustment Committee   ☐ MINOR, submitted to Program Unit
_Wayne Steele_                             /s/ Wayne Steel                    6/13/13
**PRINT Name**                             **Reviewing Officer's Signature**  **Date**

☐ Reviewed by Hearing Investigator: _____   _____   _____
**(Adult Division Major Reports Only)**   **PRINT Name**   **Signature**   **Date**

PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges.  You may present relevant physical material such as records or documents.

PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing.  You may ask that witnesses be questioned along lines you suggest.  You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee.  You may have staff assistance if you are unable to prepare a defense.  You may request a reasonable extension of time to prepare for your hearing.  If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution.  In addition, juveniles may receive a delay in recommended parole.

Committed Person Refused to Sign ☐

_____   Number   _____   7-1-13 0630 ☐ am ☒ pm
**Committed Person's Signature**                                **Date**  **Time Served**
_N. Edwards_               /s/ N. Edwards
**PRINT Serving Employee's Name**   **Serving Employee's Signature**

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offense Date: _____   _____   _____
                              **Committed Person's Signature**   **Number**

(DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING)

I would like the Adjustment Committee or Program Unit to consider calling the following witnesses regarding disciplinary report of _____.
                                                                                          **Date**

NAME OF WITNESS: _____   Number/Cell/Title: _____

Witness can testify to: _____

NAME OF WITNESS: _____   Number/Cell/Title: _____

Witness can testify to: _____

                                       **Committed Person's Name**   **Number**

JUL 2 2 2013

DC 7205 (Rev. 5/00)  Distribution:  1)  Master File; 2)  Committed Person
IL 426—361                          3)  Facility;   4)  Facility

State of Illinois—Department of Corrections
## DISCIPLINARY REPORT

Page  2   of  2

☒ Disciplinary Report          ☐ Investigative Report

Committed Person: <u>Suarez, Miguel</u>          No. <u>M22336</u>          Facility: <u>Hill Correctional Center</u>

Observation Date: <u>06/13/2013</u>          Time: <u>07:50</u>   ☒ am  ☐ pm   Location: <u>Segregation Yard</u>

on top of ▇▇ striking ▇▇ repeatedly with closed fisted punches while ▇▇ was restrained on the concrete.

Staff responded and two other inmates, Garner and ▇▇ were also observed fighting with each other. Staff gave multiple direct orders to stop fighting however, Suarez along with the other three inmates involved in the altercation failed to comply, therefore Officer Fleming fired one warning shot into the ground, utilizing the Mini 14 Rifle. As responding staff attempted to enter the Segregation Yard to secure the incident, the inmates continued fighting, therefore Officer Fleming fired a second warning shot with the Mini 14 Rifle. After the second fired shot, responding staff separated and secured Suarez and the three other inmates involved in the altercation.

During an Investigative Interview with Suarez regarding this incident, Suarez refused to provide a statement to this Investigator. Suarez would not speak about the altercation, he only replied, "seg time doesn't bother me".

At the conclusion of the interview, Suarez was returned the Segregation Holding Cell awaiting a medical examination by the Health Care Unit for the following injuries he sustained during the physical altercation; laceration under his lower lip, laceration and swelling above his left eye and superficial scratches on his arm.

▇▇ and ▇▇ sustained minor injuries.

During an Investigative Interview with a Confidential Source, hereafter referred to as CS#1, CS#1 stated on June 13, 2013 at approximately 7:50am, he observed Suarez and ▇▇ instigate the altercation on the Segregation Yard by assaulting ▇▇ CS#1 stated Suarez and ▇▇ were involved in a two-on-one fight against ▇▇ CS#1 stated ▇▇ assisted ▇▇ because Suarez and ▇▇ were "double teaming him". CS#1 stated he believed the altercation occurred as a result of Suarez making a racist comment directed at ▇▇ prior to the inmates attending the Segregation Yard.

During an Investigative Interview with a Confidential Source, hereafter referred to as CS#2, CS#2 stated on June 13, 2013 at approximately 7:50am, he observed Suarez and ▇▇ instigate the altercation on the Segregation Yard by "jumping" ▇▇ CS#2 stated he observed Suarez and ▇▇ in a two-on-one fight against ▇▇ CS#2 stated after the shot was fired he went down to the ground and did not witness anything else.

During an Investigative Interview with a Confidential Source, hereafter referred to as CS#3, CS#3 stated on June 13, 2013 at approximately 7:50am, he observed Suarez and ▇▇ arguing with ▇▇ CS#3 stated as they argued, Suarez and ▇▇ began assaulting ▇▇ CS#3 stated after the shot was fired he went to the ground and did not witness anything else.

The statements provided by the Confidential Sources corroborate each other and the observations from Officer Fleming therefore they are deemed reliable by this office. The identity of the Confidential Sources is being withheld for their safety and the safety and security of the institution.

Suarez was identified by Institutional Graphics.

/s/ Signature

Inmate Issues

JUL 2 2 2013

DC 7212 (Rev. 5/00)          Distribution:  1) Master File   2) Committed Person   3) Facility   4) Facility
IL 426—11612

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** SUAREZ, MIGUEL      **IDOC Number:** M22336      **Race:** HSP

**Hearing Date/Time:** 7/4/2013  12:59 PM      **Living Unit:** MEN-N2-08-55      **Orientation Status:** N/A

**Incident Number:** 201300982/1 - MEN      **Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 6/13/2013 | 201300982/1-MEN | BLAKEWELL, ASHTON L | HIL-SEGREGATION | 07:50 AM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 102 | Assaulting Any Person - Inmate | Guilty |
| | *Comments:STRIKING I/M ▮ ON SEG. YARD* | |
| 105 | Dangerous Disturbances | Guilty |
| | *Comments:ASSAULT HAPPENED ON YARD* | |
| 110 | Impeding or Interfering with an Investigation | Guilty |
| | *Comments:FAILED TO PROVIDE INFORMATION* | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|--------------|------------|--------------|----------------|

**No Witness Requested**

## RECORD OF PROCEEDINGS
INMATE SUAREZ PLED NOT GUILTY TO THE CHARGES.

## BASIS FOR DECISION
BASED ON, R/O CONCLUDED AFTER AN INVESTIGATION REGARDING AN ALTERCATION THAT TOOK PLACE ON THE SEG. YARD ON JUNE 13TH, 2013 AT APPROX. 7:50 A.M. OFFICER FLEMING WHILE ASSIGNED TO TOWER 4 CALLED A 10-10 ON THE SEG. YARD. FLEMING OBSERVED A HISPANIC INMATE ▮ FLEMING STATED HE OBSERVED SUAREZ IN A MOUNTED POSITION ON TOP OF ▮ STRIKING ▮ REPEATEDLY WITH CLOSED FIST PUNCHES WHILE ▮ WAS RESTRAINED ON THE CONCRETE. TWO OTHER INMATES ▮ AND ▮ WERE ALSO OBSERVED FIGHTING EACH OTHER. ALL INMATES FAILED TO COMPLY WITH A DIRECT ORDER GIVEN BY R/O TO STOP FIGHTING. TWO WARNING SHOTS WERE FIRED. INMATE SUAREZ WAS INTERVIEWED BY R/O DURING THE COURSE OF THE INTERVIEW, SUAREZ REFUSED TO PROVIDE A STATEMENT. C.I. #1 STATED ON JUNE 13, 2013 HE OBSERVED SUAREZ AND ▮ INSTIGATE THE ALTERCATION ON THE SEG. YARD BY ASSAULTING ▮ SUAREZ AND ▮ WERE INVOLVED IN A TWO ON ONE FIGHT AGAINST ▮ ▮ ASSISTED ▮ BECAUSE SUAREZ AND ▮ WERE DOUBLE TEAMING HIM. THE ALTERCATION OCCURRED AS A RESULT OF SUAREZ MAKING A RACIST COMMENT DIRECTED AT HOLT PRIOR TO THE INMATES ATTENDING THE SEG. YARD. CS#2 STATED ON JUNE 13, 2013 HE OBSERVED SUAREZ AND ▮ INSTIGATE THE ALTERCATION ON THE SEG. YARD BY JUMPING ▮ CS#2 OBSERVED SUAREZ AND ▮ IN A TWO ON ONE FIGHT AGAINST ▮ AFTER THE SHOT WAS FIRED HE WENT DOWN TO THE GROUND AND DID NOT WITNESS ANYTHING ELSE. CS#3 STATED ON JUNE 13TH, 2013 HE OBSERVED SUAREZ AND ▮ ARGUING WITH ▮ THEY ARGUED SUAREZ AND ▮ BEGAN ASSAULTING ▮ C.I.'S IDENTITIES ARE BEING WITHHELD FOR THE SAFETY AND SECURITY OF THE INSTITUTION. I.D. BY INSTITUTIONAL GRAPHICS.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|-------------|-------|
| 1 Year CGrade | 1 Year CGrade |
| 1 Year Segregation | 1 Year Segregation |
| 1 Year Commissary Restriction | 1 Year Commissary Restriction |
| Basis for Discipline:NATURE OF OFFENSE | |

## Signatures
### Hearing Committee

| | Signature | Date | Race |
|--|-----------|------|------|
| VEATH, TIMOTHY R  - Chair Person | | 07/04/13 | WHI |

S25

State of Illinois—Department of Corrections
## DISCIPLINARY REPORT

Page __1__ of __2__

☒ Disciplinary Report ___05/10/2013___     ☐ Investigative Report _____
                          Date                                            Date

Committed Person: Suarez, Miguel     No. M22336     Facility: Hill Correcional Center

Observation Date: 05/01/2013     Time: 01:21     ☐ am  ☒ pm     Location: R3b57

___Officer A. Blakewell___     /s/ Officer A. Blakewell     5-10-13   140   ☐ am ☒ pm
PRINT Employee's Name     Employee's Signature     Date     Time

Offense: 504  ☒ A     (110) Impeding/Interfering With An Investigation, (206) Intimidation or Threats, (301) Unauthorized movement
           ☐ B
           ☐ C

Observation:  As a result of an Investigation conducted by this office into the allegation that Inmate SUAREZ, MIGUEL
M22336 attempted to force Inmate Gray off R3B-Wing on May 1, 2013, the above charges against Suarez have been
substantiated.

On May 1, 2013, at approximately 8:30am, Inmate Gray was reassigned to R3B57 from another housing unit.  Internal
Affairs received information that upon Inmate Gray entering R3B-Wing, he was immediately being intimidated

Witnesses, if any: _____

NOTE:   Use continuation page if necessary to describe observation and/or list witnesses.

☒ Temporary Confinement     ☐ Investigative Status
Reasons: _____ Nature of offense _____

___Wayne Steel___     /s/ Wayne Steel     5/6/13
PRINT Name     Shift Supervisor's Signature     Date
                (For Community Correctional Centers, Chief Adm. Off.)

☒ Confinement Reviewed by Reviewing Officer   Comments: ___PRapendl   Placos___
___Major Todd Fredrickson, 795___     /s/ Major Todd Fredrickson     5/10/2013
PRINT Name     Signature     Date

☒ MAJOR, submitted to Adjustment Committee     ☐ MINOR, submitted to Program Unit
___Wayne Srede___     /s/ Wayne Steel     5/6/13
PRINT Name     Reviewing Officer's Signature     Date

☐ Reviewed by Hearing Investigator: _____
(Adult Division Major Reports Only)     PRINT Name     Signature     Date

### PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges.  You may present relevant
physical material such as records or documents.

### PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing.  You may ask that
witnesses be questioned along lines you suggest.  You must indicate in advance of the hearing the witnesses you wish to have interviewed
and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment
Committee.  You may have staff assistance if you are unable to prepare a defense.  You may request a reasonable extension of time to
prepare for your hearing.  If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges,
and/or be required to make restitution.  In addition, juveniles may receive a delay in recommended parole.

Committed Person Refused to Sign ☒

___Bennett___     ___7923___ /s/ Bennett     5-10-13  805 ☐ am ☒ pm
Committed Person's Signature     Number
PRINT Serving Employee's Name     Serving Employee's Signature     Date     Time Served

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offense Date: _____     _____     _____
                                   Committed Person's Signature     Number

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
(DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING)

I would like the Adjustment Committee or Program Unit to consider calling the following witnesses regarding disciplinary report of _____

State of Illinois---Department of Corrections
# DISCIPLINARY REPORT

Page  2  of  2

☒ Disciplinary Report          ☐ Investigative Report

Committed Person: Suarez, Miguel _____   No. M22336 _____   Facility: Hill Correctional Center

Observation Date: 05/01/2013 _____   Time:  01:21 _   ☐ am  ☒ pm   Location: R3b57 _____

by Inmate Suarez. Internal Affairs received information that during afternoon dayroom, Suarez was physically pushing ▮▮▮▮ property out of his cell attempting to force ▮▮▮ into refusing his housing assignment.

After reviewing the recorded video footage from R3B-Wing on May 1, 2013 at approximately 1:21pm, this officer observed Suarez, who was assigned to R3B56, enter ▮▮▮▮ cell, R3B57 unauthorized and begin to remove ▮▮▮▮ property from the cell. This officer observed Suarez push a property box and a correspondence box (boxes later identified as belonging to Inmate ▮▮▮) out of R3B57 into the dayroom area. This officer observed Inmate ▮▮▮ on the Inmate Phone at the time Suarez was pushing the property into the dayroom. Suarez was escorted to Segregation and placed in Investigative Status on this date.

On May 2, 2013, during an Investigative Interview with this officer, Suarez refused to cooperate with this investigation. Suarez refused to answer as to why he entered ▮▮▮ cell unauthorized and why he removed ▮▮▮ property from his cell. Suarez laughed and replied, "I was just helping a friend move". After multiple attempts to receive at truthful and informational statement from Suarez to explain his actions, Suarez continued to laugh and he replied that he had nothing to talk about.

Internal Affairs has determined Suarez' actions against ▮▮▮ were conducted as a retaliating act. Suarez did not want ▮▮▮ residing on the wing with him because of a previous incident between ▮▮▮ and an associate of Suarez's.

Suarez was identified by Institutional Graphics.



/s/ Officer A. Blakewell



# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** SUAREZ, MIGUEL     **IDOC Number:** M22336     **Race:** HSP

**Hearing Date/Time:** 5/18/2013  09:25 AM     **Living Unit:** MEN-N2-08-06     **Orientation Status:** N/A

**Incident Number:** 201301197/1 - HIL     **Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 5/1/2013 | 201301197/1-HIL | BLAKEWELL, ASHTON L | R3 HOUSE, WING B | 01:21 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 110 | Impeding or Interfering with an Investigation<br>Comments:Not Cooperating with Internal Affairs | Guilty |
| 206 | Intimidation Or Threats<br>Comments:Forcing I/M   off of R3B Wing | Guilty |
| 307 | Unauthorized Movement<br>Comments:Entering I/M   Cell | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

## RECORD OF PROCEEDINGS

Charges read, inmate pled not guilty. Inmate stated something in the ticket had him confused. Inmate stated that ▮▮▮
told him if he wasn't off the phone when the "police" came to the cell door, to push his property boxes out of the cell.
Inmate stated he did cooperate with the Internal Affairs office, he told them the truth.

## BASIS FOR DECISION

Committee finds inmate guilty based on:

* Internal Affairs, Investigator Blakewell reports, that inmate ▮▮▮ was reassigned to R3B57 from another housing unit.
Internal Affairs received information that upon inmate ▮▮▮ entering R3B wing, he was immediately being intimidated by
inmate Suarez.

* Written report reflect that Internal Affairs received information, that during the afternoon day room, inmate Suarez was
physically pushing ▮▮▮ property out of his cell, attempting to force ▮▮▮ into refusing his housing assignment.

* Investigator Blakewell reports,after he reviewed the recorded video footage from R3B wing (5/1/13) at approximately
1:21pm, he observed Suarez (who was assigned to R3B56), enter ▮▮▮ cell (R3B57) unauthorized,and begin to remove
▮▮▮ property from the cell. Blakewell observed Suarez push a property box, and a correspondence box (boxes later
identified as belonging to inmate ▮▮▮ out of R3B57 into the day room area. Blakewell observed inmate ▮▮▮ on the
inmate phone at the time Suarez was pushing the property into the day room.

* Investigator Blakewell reports, that during an investigative interview with inmate Suarez, he refused to cooperate with
the said investigation, and he refused to answer as to why he entered ▮▮▮ cell unauthorized,and why he removed
▮▮▮ property from his cell.

* Written report indicated that inmate Suarez laughed, and replied, "I was just helping a friend move". Investigator
Blakewell made multiple attempts to receive a truthful and informational statement from Suarez to explain his actions, but
he (Suarez) continued to laugh, and replied that he had nothing to talk about.

* Internal Affairs determined that Suarez's actions against ▮▮▮ were conducted as a retaliating act, and he (Suarez) did
not want ▮▮▮ residing on the wing with him, because of a previous incident between ▮▮▮ and an associate of Suarez.

* Inmate Suarez was identified by Institutional Graphics.



1) The reported facts justify a disciplinary hearing. If not, the report shall be expunged from the offender's records. A copy shall be maintained in an expungement file.

2) The disciplinary report has been completed properly. If not, the Reviewing Officer shall make the necessary corrections or direct the reporting employee to make the corrections. The offender shall be provided with a copy of the corrected report. In the event the corrected report contains new charges, the offender shall be provided a copy of the corrected report at least 24 hours prior to the hearing, unless the offender waives this notice in writing.

3) The offense is major or minor in nature. Major offenses shall be assigned to the Adjustment Committee for a hearing and minor offenses shall be assigned to the Program Unit for a hearing.

A) Aiding and abetting, soliciting, attempting to commit, conspiring to commit, or committing any offense listed in the 100, 200, or 500 series of Table A or Table B shall be considered a major offense.

B) Those offenses listed in the 300 or 400 series or the aiding and abetting, soliciting, attempting to commit, or conspiring to commit any of these offenses shall be designated as major or minor based on the seriousness of the offense and factors enumerated in Section 504.20(b).

c) In adult correctional centers, the Reviewing Officer shall forward copies of all major disciplinary reports to the Hearing Investigator.

(Source: Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

Section 504.60 Investigation of Major Disciplinary Reports

This Section only applies to adult correctional centers. This does not preclude use of Hearing Investigators at other facilities.

a) The Chief Administrative Officer shall appoint one or more Hearing Investigators who shall review all major disciplinary reports.

b) The Hearing Investigator may conduct an investigation into the charges as determined to be appropriate. This determination may be based, among other matters, upon the severity of the offense, the complexity of the charges, or the offender's admission of guilt. The investigation may include an investigation of additional charges.

c) The Hearing Investigator may correct or direct the reporting employee to correct any errors in the disciplinary report. The offender shall be provided with a copy of the corrected report. In the event the corrected report contains new charges, the offender shall be provided a copy of the corrected report at least 24 hours prior to the hearing unless the offender waives this notice.

d) The Hearing Investigator may interview any person who may have information that relates to the alleged violation and may inspect any physical evidence.

e) The Hearing Investigator shall determine whether or not to submit a report to the Adjustment Committee, based upon the results of the investigation. However, if the investigation reveals evidence of a convincing nature that the offender did not commit the offense, that evidence must be reported to the Committee.

f) Any report may be submitted in writing or presented orally, as determined by the Hearing Investigator.

(Source: Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

Section 504.70 Adjustment Committee and Program Unit Composition

a) The Chief Administrative Officer shall appoint the Adjustment Committee, which shall be composed of at least 2 members.

1) For adult offenders, the Adjustment Committee shall include:

A) To the extent possible, a person representing the counseling staff, and

B) At least one minority staff member.

2) The Chief Administrative Officer shall designate a chairperson.

b) The Program Unit shall be composed of a group of employees appointed by the Chief Administrative Officer who shall serve as Hearing Officers. For adult offenders, at least one member of the Unit shall be a minority staff member.

(Source: Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

Section 504.80 Adjustment Committee Hearing Procedures

a) The Adjustment Committee hearing shall be convened but need not be concluded within 14 days after the commission of the offense by an adult offender or within 7 days after the commission of the offense by a juvenile offender or its discovery, whenever possible, unless the offender has received a continuance or is unable or unavailable for any reason to participate in the hearing. For purposes of this

from one facility to another while pending a hearing, the individual shall be provided with an opportunity to present a defense at any subsequent disciplinary hearing held at the receiving facility that is comparable to that which would have been afforded, in accordance with this Subpart, at the sending facility.

e) In determining the appropriate sanctions, the Chief Administrative Officer or Program Unit, the Chief Administrative Officer, and the Director may consider, among other matters, mitigating or aggravating factors such as:

1) The offender's mental state at the time of the offense;

2) The extent and degree of participation in the commission of the offense;

3) The amount of stolen property, contraband, or injury; and

4) The offender's prior disciplinary record.

c) Corporal punishment, disciplinary restrictions on diet, medical or sanitary facilities, clothing, bedding, mail, or access to legal materials and reductions in the frequency of use of toilets, washbowls, and showers shall be prohibited.

d) Disciplinary restrictions on visitation, work, education, or program assignments and use of the library shall be related as closely as practicable to the abuse of such privileges. This subsection shall not apply to segregation or isolation of offenders for purposes of institutional control.

e) Offenders are presumed to be responsible for any contraband or other property prohibited by this Part that is located on their person, within their cell or within areas of their housing, work, educational, or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to, the door track, window ledge, ventilation unit, plumbing, and the offender's desk, cabinet, shelving, storage area, bed, and bedding materials in his or her work, assignment, and desk, cubicle, work station, and locker in his or her work, educational, or vocational assignment. If the offender produces evidence that convinces the Adjustment Committee or Program Unit that he or she did not commit the offense, the offender shall be found not guilty.

(Source: Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

Section 504.30 Preparation of Disciplinary Reports

a) Every employee has the duty to observe the conduct of offenders.

b) If an employee observes an adult offender committing an offense, discovers evidence of its commission, or receives information from a reliable witness of

such conduct, the employee shall promptly prepare a disciplinary report. However, if the infraction is one of those listed in the 400 series in Table A and the employee determines a disciplinary report is not necessary to resolve the situation, the employee may orally reprimand the offender.

c) If an employee observes a juvenile offender committing an offense, discovers evidence of its commission, or receives information from a reliable witness of such conduct, the employee shall promptly prepare a disciplinary report provided the conduct is such that it may result in disciplinary action that suspends privileges, involves the imposition of disciplinary confinement, delays referral to the Prisoner Review Board, or causes a change in work, education, or other program assignments of more than 7 days duration. When the rule infraction is minor, every effort should be made to take corrective action that is adopted to individual circumstances, administered immediately and consistently, and is understood by the offender through appropriate counseling efforts.

d) The disciplinary report must be fully completed. The reporting employee shall provide the following information to the extent known or available.

1) The name and register number of the offender.

2) The place, time, and date of the offense.

3) The offense that the offender is alleged to have committed.

4) A written statement of the conduct observed.

5) The names of offenders, employees, and visitors who were witnesses. The identity of witnesses may be withheld for reasons of security provided a statement to that effect and the information the confidential source provided are included on the disciplinary report to the extent the information can be included without jeopardizing security.

6) The signature of the reporting employee and the date and time the report is completed.

e) If an offender is suspected of committing a disciplinary offense, an investigative disciplinary report, hereinafter referred to as an investigative report, may be issued that reasonably informs the offender of the subject of the investigation to the extent that institutional safety and security allow.

f) Service of a disciplinary report upon the offender shall commence the disciplinary proceeding. In no event shall a disciplinary report or investigative report be served upon an adult offender more than 14 days