IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MIGUEL A. SUAREZ, )
 )
    Plaintiff, )
 )
v. ) Case No. 3:15-cv-637-NJR-DGW
 )
WARDEN RICHARD HARRINGTON, )
 )
    Defendant. )

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendant Richard Harrington (Doc. 41) be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Miguel Suarez, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated at Menard Correctional Center ("Menard"). More specifically, in his amended complaint, Plaintiff claimed he was held in segregation on a procedurally deficient disciplinary ticket that was ultimately expunged and, while in segregation, endured unsanitary conditions. Plaintiff asserted he notified Warden Harrington of the conditions of his cell, but to

no avail. Following the filing of a second amended complaint, Plaintiff was proceeding on the following claims:

> Count One: Deliberate indifference claim against Defendants Veath and Johnson for ignoring problems with Plaintiff's disciplinary ticket at the hearing and sentencing Plaintiff to a year in segregation; and
>
> Count Two: Conditions of confinement claim against Defendant Harrington for failing to provide Plaintiff with hygiene products and cleaning supplies.

Count One against Defendants Veath and Johnson was dismissed on January 4, 2017 (Doc. 36); accordingly, Plaintiff is only proceeding on Count Two against Defendant Harrington.

On May 17, 2017, Defendant Harrington filed the motion for summary judgment now before the Court arguing Plaintiff failed to exhaust his administrative remedies prior to bringing this lawsuit (Doc. 41). In support of his motion, Defendant Harrington relies on the affidavit of Dave White, a member of the Administrative Review Board ("ARB"), who attests that Plaintiff did not appeal any grievance related to the conditions in the segregation unit at Menard to the ARB from June 13, 2013 to the present. Defendant also relies on the attestations of counselors Monica Nippe, Melissa Phoenix, and Mark Phoneix who assert that Plaintiff did not complain about the condition of his cell while he was in segregation from June 13, 2013 to July 23, 2014.

In his response to Defendant's motion, Plaintiff explains that he submitted a grievance complaining of the conditions in his segregation cell between the date of June 13, 2013 and July 13, 2013, but has never received any response. Plaintiff attests that he never raised the issue with any counselor as it is common to receive untimely responses to grievances at Menard.

*Pavey Hearing*

The Court held a hearing on the issue of exhaustion on July 27, 2017 pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). At the hearing, Plaintiff reiterated that he attempted to file

a grievance sometime between June and July 2013 by placing it in the bars of his cell. In this grievance, Plaintiff complained about the filthy and unsanitary conditions of his cell and asked for a disinfecting agent and hygiene products. Plaintiff stated that he never received a response to this grievance. Plaintiff also indicated that he complained about the conditions in his cell to Defendant Harrington who indicated he would try to get Plaintiff some cleaning supplies. Plaintiff remarked that he submitted his grievance complaining about the conditions in his cell before he spoke to Defendant Harrington about said conditions.

Monica Nippe testified on behalf of Defendant at the hearing. Ms. Nippe's testimony related to the general grievance process at Menard rather than any particular instance involving Plaintiff and any attempt he made to grieve an issue.

## LEGAL STANDARDS

*Summary Judgment Standard*

Summary judgment is proper only if the moving party can demonstrate "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.,* 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an

essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. The Seventh Circuit has stated summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

*Exhaustion Requirements under the PLRA*

The Prison Litigation Reform Act provides:

No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. See *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id*. at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as

stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

### *Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate is required to file a written grievance within 60 days of the "incident, occurrence or problem that gives rise to the grievance." ILL. ADMIN. CODE TIT. 20, § 504.810(a). The grievance must be filed with the inmate's counselor, unless certain discrete issues are being grieved. *Id*. It must contain "factual details regarding each aspect of the offender's complaint" including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. *Id*. §504.810(c). If the complaint is not resolved through a counselor, the grievance is considered by a grievance officer who must render a written recommendation to the Chief Administrative Officer ("CAO" – usually the Warden) within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may also file an emergency grievance that would be forwarded directly to the CAO. *Id*. § 504.840. If "there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender," consideration of the grievance will be expedited and a response shall be made. *Id*. § 504.840(a) and (b). If the grievance is not considered on an

emergency basis, "the offender shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process." *Id*. § 504.840(c).

An inmate may appeal the decision of the CAO to the Director of the Illinois Department of Corrections. The appeal must be in writing, must be directed to the Administrative Review Board (ARB), and must be received by the ARB within 30 days of the date of the CAO's response. *Id.* § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. *Id*. § 504.850(d) and (e).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

## CONCLUSIONS OF LAW

Based on the evidence in the record and arguments proffered by the parties, it is recommended that the Court find Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit.

Although the Court finds Plaintiff's assertion that he attempted to complain about the unsanitary segregation cell conditions in a grievance submitted in June or July, 2013 credible, Plaintiff admitted that he submitted this grievance *before* he spoke to Defendant Harrington about said conditions. As Plaintiff's claim against Defendant Harrington is premised on this Defendant's failure to address the unsanitary conditions in Plaintiff's cell after being verbally advised of such conditions, Plaintiff's June or July 2013 grievance could not have complained about Defendant Harrington's inaction. Plaintiff complaining generally about the conditions of his confinement in this grievance is simply insufficient to exhaust his claim against Defendant Harrington as it fails to comport with the requirements of the Illinois Administrative Code and subverts the PLRA's purpose of providing prison officials a "fair opportunity" to address the inmate's complaint prior to engaging in federal litigation. *Maddox v. Love*, 655 F.3d 709, 713 (7th Cir. 2011).

## RECOMMENDATIONS

Based on the foregoing, it is hereby **RECOMMENDED** the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendant Richard Harrington (Doc. 41) be **GRANTED**; that the Court **FIND** that Plaintiff did not exhaust his administrative remedies prior to filing suit against Defendant Harrington; that Defendant Harrington be **DISMISSED WTHOUT PREJUDICE**; and that the Court adopt the foregoing findings of fact and

conclusions of law.

If this Report and Recommendation is adopted in its entirety, this case may be closed and judgment entered accordingly.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 21, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**