IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIGUEL A. SUAREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-637-NJR-DGW |
| | ) |
| WARDEN RICHARD HARRINGTON, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on a Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 52), which recommends that the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendant Warden Richard Harrington ("Harrington") (Doc. 41) be granted. The Report and Recommendation was entered on August 21, 2017. Plaintiff Miguel A. Suarez ("Suarez") filed a timely objection to the Report and Recommendation on September 7, 2017 (Doc. 53). Harrington filed a response to Suarez's objection on September 15, 2017 (Doc. 54).

## BACKGROUND

Suarez alleges in his Second Amended Complaint (Doc. 32) that he was held in segregation at the Menard Correctional Center under unsanitary conditions and on a disciplinary ticket that was ultimately expunged due to a procedural deficiency. Suarez proceeds on the following claims (Doc. 52, p. 2):

Count 1: Deliberate indifference claim against Defendants Veath and Johnson for ignoring problems with Suarez's disciplinary

> ticket at the hearing and sentencing Suarez to a year in segregation; and

Count 2:   Conditions of confinement claim against Harrington for failing to provide Suarez with hygiene products and cleaning supplies.[1]

The Court dismissed with prejudice Count One against Defendants Veath and Johnson on January 4, 2017 (Doc. 36). Suarez filed a Motion for Reconsideration (Doc. 37), which the Court denied on July 18, 2017 (Doc. 48).

On May 17, 2017, Harrington filed a Motion for Summary Judgment on the Issue of Exhaustion (Docs. 41, 42). Specifically, Harrington alleges that Suarez did not "raise the issue regarding cell conditions in the manner specified by the grievance rules . . . [and thus] has not exhausted his administrative remedies." (Doc. 42, p. 5). On June 20, 2017, Suarez filed a response opposing the Motion (Doc. 47).

As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on Harrington's Motion on July 27, 2017 (Doc. 51). Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 52). The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

---

[1] In his Second Amended Complaint, Suarez labels the claim against Harrington as Count One. (Doc. 32, p. 7).

## THE REPORT AND RECOMMENDATION

Based upon the evidence before the Court, Magistrate Judge Wilkerson found that Suarez failed to exhaust his administrative remedies prior to filing this lawsuit. Despite finding it credible that Suarez submitted a grievance, Magistrate Judge Wilkerson noted that Suarez only complained to Harrington about cell conditions after Suarez had submitted the grievance. (Doc. 51, pp. 12-13). Moreover, "[Suarez's] claim against Defendant Harrington is premised on [Harrington's] failure to address the unsanitary conditions in [Suarez's] cell after being verbally advised of such conditions." (Doc. 52, p. 7). Thus, Magistrate Judge Wilkerson found that, because Suarez filed the grievance before speaking to Harrington, the grievance could not have complained of Harrington's failure to address cell conditions.

## DISCUSSION

Where timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.* (quoting 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)).

Here, Suarez filed a timely objection to the Report and Recommendation. In the

objection, Suarez argues that he exhausted his administrative remedies as required by the Prison Litigation Reform Act by "filing the grievance complaining about the unsanitary segregation cell conditions in June or July, 2013 and then talking to [Harrington] about said grievance." (Doc. 53, p. 1). Suarez further alleges that he "wait[ed] 6 months to file [this action] after no response was given to grievance." *Id*.

This Court adopts a "strict compliance approach to exhaustion." *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (quoting *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)). In order to exhaust administrative remedies under Illinois law, a plaintiff must file a grievance that contains certain factual details, "including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint." ILL. ADMIN. CODE tit. 20, § 504.810(c). Suarez's grievance, premised on Harrington's failure to address unsanitary cell conditions, was filed before Suarez had spoken to Harrington about cell conditions. Consequently, Suarez could not have alleged in his grievance that Harrington ignored Suarez's complaint. Thus, the grievance could only contain generalized complaints as to cell conditions and necessarily lacks the specific facts required by the Illinois Administrative Code.

Overall, the Court finds the factual findings and rationale of the Report and Recommendation sound. It is well-established that an inmate cannot file suit first, then reach administrative exhaustion second. *See Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005). It is apparent to the Court that Suarez did not fully exhaust his administrative remedies prior to filing suit, and thus the case must be dismissed.

## CONCLUSION

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 52). Harrington's Motion for Summary Judgment on the Issue of Exhaustion (Doc. 41) is **GRANTED**. This action is **DISMISSED without prejudice** for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

**DATED:** October 30, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**